Abraham **HUNTER** and Linwood Jacob Sawyer, Appellants,

v.

W. Frank **SMYTH**, Jr., Superintendent, Virginia State Penitentiary, Appellee.

No. 7532.

United States Court of Appeals Fourth Circuit.

Argued Nov. 7, 1957.

Decided Nov. 25, 1957.

**652**

Mathias J. DeVito, Baltimore, Md., for appellants.  Abraham Hunter and Linwood Jacob Sawyer, pro se, on the brief.

Thomas M. Miller, Asst. Atty. Gen. of Virginia (Kenneth C. Patty, Atty. Gen. of Virginia, on the brief), for appellee.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

PER CURIAM.

█ This is an appeal from an order denying a petition for a writ of habeas corpus by prisoners serving sentences under the judgment of a Virginia state court.  The appeal must be dismissed for lack of the certificate of probable cause required by 28 U.S.C. § 2253; but if we thought that there was merit in the appeal one of the judges of this court would grant the certificate.  We are satisfied, however, that the appeal is without merit.

█ Appellants were convicted of attempted rape, and on May 26, 1953, were sentenced to five years imprisonment in the penitentiary.  On July 16, 1953, they were convicted in another case of rape and given fifteen year sentences.  On October 22, 1953, they were convicted of rape and grand larceny and given sentences of five years for rape and two years for grand larceny.  The sentences were to run consecutively and the first five year sentence has been served and they are serving the fifteen year sentence.  They attack the validity of this; but, even if it were void, appellants would not be entitled to release on habeas corpus because of the five and two year sentences imposed Oct. 22, 1953.  There is no reason, however, to regard the 15 year sentence as void.  Appellants complain that they were imprisoned without warrant in advance of trial; but no confessions were obtained from them as a' result of the imprisonment and, of course, the mere fact of such imprisonment would not invalidate their trials.  They complain that counsel appointed to represent them were incompetent; but this was inquired into by the state courts on three different applications to those courts for habeas corpus.  One of the applications was direct to the Supreme Court of Appeals of Virginia, and from one of the orders of a Circuit Court ap-

peal was taken to the Supreme Court of Appeals by one of the appellants here with application for review by certiorari to the Supreme Court of the United States. The case is clearly one for application of the rule laid down by the Supreme Court in Brown v. Allen, 344 U.S. 443 at page 465, 73 S.Ct. 397, at page 411, 97 L.Ed. 469, viz.:

> " * * * As the state and federal courts have the same responsibilities to protect persons from violation of their constitutional rights, we conclude that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, on the facts presented, by the highest state court with jurisdiction, whether through affirmance of the judgment on appeal or denial of post-conviction remedies."

The appeal will be dismissed.

Appeal dismissed.