**James HARVEY (alias Berkley McCargo), Appellant,**

v.

**W. Frank SMYTH, Jr., Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 7592.**

United States Court of Appeals Fourth Circuit.

Argued April 18, 1958.

Decided April 25, 1958.

Robert G. Cabell, Jr., Richmond, Va. (Court appointed counsel), for appellant; James Harvey (alias Berkley McCargo), pro se, on the brief.

Thomas M. Miller, Asst. Atty. Gen. of Virginia (A. S. Harrison, Jr., Atty. Gen. of Virginia, and Reno S. Harp, III, Asst. Atty. Gen. of Virginia, on the brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

A prisoner in the Virginia State Penitentiary, upon whom a sentence of forty years had been imposed under the Virginia recidivist statute, brings this appeal from an order of the United States District Court for the Eastern District of Virginia refusing his petition for a writ of habeas corpus.

In 1921, 1928, 1931, and 1932, the appellant, James Harvey (alias Berkley McCargo) was convicted in Virginia state courts for the crimes of housebreaking. In 1946 there was a fifth conviction, this time for the crime of storebreaking, and he was sentenced by the Portsmouth City Hustings Court to a term of four years.

After the appellant had served one year of his fifth sentence, an information was filed against him, charging that he had been convicted and sentenced five times for felony. The Circuit Court for the City of Richmond, after a hearing to establish the identity of the appellant as

the person convicted in the previous cases, sentenced him, under the Virginia recidivist statute, to an additional term of forty years. See Va.Code (1950), Sec. 53–296.[1] The order imposing this sentence recites that the information was read to the accused, that he was "cautioned as to his rights," and that he acknowledged, in open court, that he was the person named in the five records of conviction.

Three successive petitions for the writ of habeas corpus having been denied him by state trial courts, Harvey filed a fourth petition on December 21, 1956, in the Circuit Court for Norfolk City, Norfolk, Virginia. He alleged, in general terms only, the following:

"Your petitioner contends that he [was] refused, deprived and denied his Constitutional Rights; in that he was refused the aid and advice of counsel, and denied the privilege to have his witnesses, and denied due process of law. And, that such refusal and denial deprived your petitioner of a fair and impartial trial; which resulted in a conviction and a term to confinement in the penitentiary for forty years."

On January 3, 1957, the Norfolk Court denied this petition. The Supreme Court of Appeals of Virginia affirmed, and the Supreme Court of the United States denied certiorari. Petition for the writ of habeas corpus was then filed in the United States District Court for the Eastern District of Virginia, based on the contention that the petitioner was being held in violation of his constitutional rights. He alleged specifically that he could not properly be considered a fifth offender because he was denied the right to counsel and to produce witnesses in his 1931 and 1932 trials; and he repeated that he had been denied the right to counsel in the recidivist proceeding wherein he was sentenced to the forty-year term.

District Judge Hutcheson refused to issue the writ. Harvey filed a notice of appeal and requested a certificate of probable cause, which was not granted. On this appeal, the appellant reiterates the grounds set forth in his petition to the District Court.

The Superintendent of the Virginia State Penitentiary, where Harvey is confined, contends that in the absence of a certificate of probable cause by the District Judge, unless such a certificate is issued by a member of this court, we are without jurisdiction to hear the appeal. 28 U.S.C.A. § 2253. Bernard v. Brady, 4 Cir., 1947, 164 F.2d 881; Hunter and Sawyer v. Smyth, 4 Cir., 1957, 249 F.2d 651.

Because the petition for habeas corpus filed in the Norfolk court on December 21, 1956, was vague as to which proceedings it challenged, the appellee maintains that there has been no clear-cut exhaustion of state remedies and a certificate of probable cause should not be granted by a member of this court. Brown v. Allen, 1953, 344 U.S. 443, 465, 73 S.Ct. 397, 97 L.Ed. 469; Hunter and Sawyer v. Smyth, 4 Cir., 1957, 249 F.2d 651. We have, however, examined the merits of the case in determining whether the requested certificate should be granted.

We find that the Supreme Court's holding in Gryger v. Burke, 1948, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683, controls here. In that case, an information was filed under the Pennsylvania Habitual Criminal Act, 18 P.S. § 5108 charging that Gryger, then serving prior sentences, was a fourth offender. Brought into court to answer the information, he acknowledged that he was the convict in the four previous cases. The court imposed a life sentence. Gryger was without counsel and was neither advised of his right to have counsel nor was any offered him. The Supreme Court of the United States nevertheless affirmed the fourth offender conviction and the life sentence. It noted

1. Although the information charged five previous convictions, the statute requires only two.

that the only question before the state court was one of identity, and that there were no exceptional circumstances that would render the fourth offender sentence invalid under the Fourteenth Amendment for lack of counsel. See, also, Johnson v. Tucker, 4 Cir., 1957, 249 F.2d 650.

As federal courts are thus, under the Supreme Court's holding, without authority to intervene to release this state prisoner, the certificate of probable cause must be denied and the appeal dismissed.

Appeal dismissed.