Earl LEE, Appellant,

v.

W. Frank SMYTH, Jr., Superintendent of the Virginia State Penitentiary, Appellee.

No. 7752.

United States Court of Appeals Fourth Circuit.

Argued Nov. 3, 1958.

Decided Dec. 11, 1958.

Certiorari Denied March 23, 1959.

See 79 S.Ct. 727.

H. B. Mutter, Baltimore, Md. (Walter E. Black, Jr., Baltimore, Md., on the brief), (Court appointed counsel) for appellant.

A. S. Harrison, Jr., Atty. Gen., of Virginia, and Thomas M. Miller, Asst. Atty. Gen., of Virginia, on the brief for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

The petitioner, presently completing a ten-year sentence for robbery but subject thereafter to imprisonment for another ten years under the Virginia recidivist statute, appeals from the District Court's denial of his application for a writ of habeas corpus.

The petitioner's criminal record in the Virginia state courts dates back to 1932. In that year he was convicted of housebreaking and sentenced to a term of three years. Although not represented by counsel on that occasion, the record indicates that he was tried "with his consent" and tendered a plea of guilty. Another conviction and a two-year sentence for grand larceny followed in 1937, petitioner this time being represented by counsel. An additional one-year sentence was at that time imposed upon him as a second offender under the Virginia habitual criminals statute, Sec. 53–296 of the 1950 Code of Virginia. On February 17, 1942, petitioner, again represented by counsel, was convicted of robbery and received a ten-year sentence, which he has not yet completed because of two subsequent escapes. On June 10, 1942, an additional ten-year sentence was imposed upon him as a third offender under the Virginia recidivist statute referred to above. In that proceeding the petitioner did not have counsel.

The petitioner seeks to invalidate the recidivist proceeding of June 10, 1942, because he was not there represented by counsel. He also urges that he cannot be considered a third offender since denial of counsel to him in the 1932 trial rendered that conviction void. These same contentions were submitted in the petitioner's application for a writ of habeas corpus to the Circuit Court of the County of Goochland. That court's dismissal of the petition after a full hearing was affirmed by the Supreme Court of Appeals of Virginia. The Supreme Court of the United States denied certiorari. 356 U.S. 947, 78 S.Ct. 794, 2 L. Ed.2d 821.

█ █ It is well settled that a federal district court need not consider a state prisoner's application for a writ of habeas corpus where the highest state court, presented with the same facts,

has already determined the legality of the detention. Brown v. Allen, 1953, 344 U.S. 443, 465, 73 S.Ct. 397, 97 L.Ed. 469, applied by this court in Hunter v. Smyth, 1957, 249 F.2d 651. On this basis the District Judge properly dismissed the petition.

 Moreover, the contentions now raised are identical to those urged upon this Court in Harvey v. Smyth, 1958, 255 F.2d 21, under similar facts. Here, as there, the petitioner's arguments are foreclosed by the Supreme Court's holding in Gryger v. Burke, 1948, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683, that exceptional circumstances must be present to invalidate a recidivist sentence where the State has failed to provide counsel for the defendant. If anything, the petitioner's position in the instant case is weaker than that of Gryger. The sole "exceptional circumstance" urged by the four dissenting Justices in the Gryger case, namely, that the defendant was sentenced to life imprisonment by a court laboring under the misconception that a life term is mandatory, not discretionary, under the Pennsylvania Habitual Criminal Act, 18 P.S. § 5108, is, of course, not present here.

Similarly, the petitioner's 1932 conviction in a state court for a non-capital offense, rendered after a plea of guilty, is not voided by a showing of lack of counsel, absent special circumstances. Bute v. Illinois, 1948, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986.

We are bound by the above holdings of the Supreme Court that the Fourteenth Amendment does not operate in criminal trials in state courts to incorporate the Sixth Amendment's guaranty of assistance of counsel. Cases like Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, do not aid the appellant. That was a federal prosecution, where the Sixth Amendment applies and makes mandatory the assistance of counsel, unless voluntarily and understandingly waived. However cogent the argument may be that constitutional standards should not depend on what court an accused is in, as an inferior court we are not free to frame a uniform rule, but must accept the distinction drawn for us by the Supreme Court between federal and state prosecutions in respect to the right to counsel.

In the existing circumstances there is no basis to issue a certificate of probable cause, and the appeal must be

Dismissed.