Lowry L. TRENT, Appellant,

v.

Joseph R. BLALOCK, M.D., Superintendent, Southwestern State Hospital, Marion, Virginia, Appellee.

No. 7895.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1959.

Decided Nov. 2, 1959.

Charles W. Laughlin, Richmond, Va. (Court-appointed counsel), for appellant (Lowry L. Trent, pro se, on brief).

Thomas M. Miller, Asst. Atty. Gen., of Virginia (A. S. Harrison, Jr., Atty. Gen., of Virginia, on brief), for appellee.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and FIELD, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court entered on December 2, 1958, denying appellant's petition for a writ of habeas corpus, which order recites that previous petitions were denied by that court on October 7, 1958, and November 4, 1958. Appellant is presently detained in Southwestern State Hospital, Marion, Virginia, where he has been since his commitment in 1924 after being indicted for murder. He contends that the District Court erroneously denied him a hearing on his sanity and asserts that his detention is in violation of his constitutional rights. On two earlier occasions the petitioner was denied relief by the Supreme Court of Appeals of Virginia. It appears from an examination of the orders of that court that on each occasion it considered the case on the merits, and had before it information as to the petitioner's mental condition. It would have been in order for the District Judge to require this data to be incorporated in the record, as suggested by appellant's counsel, but in the circumstances disclosed, we find no error.

In the leading case of Brown v. Allen, 1953, 344 U.S. 443, 465, 73 S.Ct. 397, 411, 97 L.Ed. 469, the Court declared:

"* * * we conclude that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, on the facts presented, by the highest state court with jurisdiction, whether through affirmance of the judgment on appeal or denial of post-conviction remedies."

In light of this statement, and upon a consideration of the papers and the history of the case, there is no reason to conclude that the District Court erred in declining to hold a hearing.

Affirmed.