## JORDAN v. STATE

[No. 134, September Term, 1959.]

*Decided December 14, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Cary McN. Euwer* and *Thomas W. Jamison, III,* for ap-
pellant.

*Joseph S. Kaufman, Assistant Attorney General,* with
whom were *C. Ferdinand Sybert, Attorney General,* and

*William L. Kahler, State's Attorney for Prince George's County,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

In this case, Judge Digges, sitting in the Circuit Court for Prince George's County, dismissed the petition of George Thomas Jordan for relief under the Uniform Post Conviction Procedure Act (Code (1957, 1959 Supp.), Art. 27, Secs. 645A-645J) after a full hearing. We granted Jordan's application for leave to appeal and appointed counsel to represent him in this Court.

Jordan was tried on an information containing three counts: larceny of an automobile, receiving an automobile knowing it to have been stolen, and unauthorized use. He was convicted by Judge Marbury sitting without a jury on the second count, receiving stolen goods, and the conviction was affirmed on appeal in *Jordan v. State,* 219 Md. 36.

Jordan was arrested on March 7, 1958, and held for the grand jury by the magistrate. He wrote the court a letter from jail, saying he wanted to be tried on information rather than wait for the grand jury, and on March 26, signed a waiver of a right to indictment, in which he recited "that there is a criminal charge of motor vehicle larceny * * * pending against him," and prayed for an immediate trial "upon a criminal information * * * setting forth said charge against him." On March 28 he was brought into open court where he confirmed the waiver and Judge Marbury appointed counsel for him. The docket entries for April 2 show: that on that day the information on which he was tried was filed, that Jordan acknowledged receipt of a copy of the information, and that he was arraigned.

Jordan says that he did not receive a copy of the information until long after the trial, and denies that he was ever arraigned. He says that the only charge mentioned before the magistrate and on March 28, when he was in court, was larceny of a motor vehicle and that he knew nothing of any other charges until the conclusion of all of the testimony at his trial, when he heard his counsel ask for a directed verdict

on receiving stolen goods and unauthorized use, as well as on larceny.

Although the prisoner was in custody, a bench warrant was issued on April 7 and returned "cepi" on April 8, the day of the trial. The bench warrant recited that Jordan was to answer to the State for automobile larceny, receiving stolen goods, and unauthorized use. Jordan denies that he ever saw the bench warrant.

· The contentions made below were three: (1) that Jordan was never presented or indicted by the grand jury on the charge of receiving stolen goods and that the waiver he executed did not operate to waive his rights in respect to that charge; (2) that he was never notified or informed of the charge of receiving stolen goods and was never arraigned on that charge, although both are required by the Maryland Declaration of Rights and the Due Process Clause of the Fourteenth Amendment; and (3) that he never waived his constitutional right to be duly informed of the charge against him and to arraignment. The first point was disposed of in Jordan's appeal, where the Court said at page 43 of 219 Md.: "There is no merit in the first contention. All of the arguments advanced by the defendant in this Court were fully answered in *Heath v. State,* 198 Md. 455, 85 A. 2d 43; besides, he made no objection to the trial on the information in the lower court and thereby waived any right that he may have had to a trial on an indictment. *Heath v. State, supra.*"

In considering the remaining contentions we note that the crime of receiving stolen goods is a misdemeanor, *State v. Hodges,* 55 Md. 127; *Henze v. State,* 154 Md. 332, and it has been held that there is no right of arraignment for a misdemeanor. *Basta v. State,* 133 Md. 568; *Copeland v. Warden,* 194 Md. 717; *Obenstine v. Warden,* 198 Md. 648. If we assume without deciding that Maryland Rule 723 requires arraignment for a misdemeanor, Judge Digges, after hearing from the court clerk, Jordan's counsel at the trial (who was one of his counsel below, but did not represent him here in this proceeding), and Jordan himself, found against Jordan, both on the facts and because of waiver. The Judge determined that there were three court records of what had tran-

spired: one, a daily sheet, another, the notations on the outside of the jacket containing the court papers, and the third, the formal docket kept in the clerk's office. He decided that none of the entries in any of the three records, which were identical, actually were written at the time the actions they recited took place, although the notations in each of the three, all of which were kept "in the normal course of events," showed that Jordan was arraigned on April 2 and that he acknowledged receipt of a copy of the information at the time of arraignment. Judge Digges further determined that Jordan had had "able, experienced counsel," that his lawyer had familiarized himself with the charges and therefore knew before trial (as he must have expected from the fact that a count of receiving stolen goods almost invariably accompanies a count of larceny) that his client was charged with receiving stolen goods. Judge Digges found that the burden was upon Jordan to show that what the docket entries indicated took place did not in fact take place, and that he had not been persuaded that the recitations of the docket entries were not true. His findings in this respect he said were substantiated by the fact that at no time during the course of the trial of the case, the motion for a new trial, or the appeal to the Court of Appeals did Jordan call to the attention of the court or his lawyer that he had not known that he was being tried on the charge of receiving stolen goods. Judge Digges' final determination was that, assuming Jordan had not been notified of the charge against him and had not been arraigned, he had waived these rights so that he could not now claim that he did not have a fair and valid trial.

We read the record as sustaining Judge Digges on all his findings. Although it is true that on March 28, when counsel was appointed for Jordan in open court, there was no reference to any charge except larceny, the docket entries do show that on April 2, Jordan was arraigned and acknowledged receipt of a copy of the information which charged him with receiving stolen goods. We cannot say that Judge Digges, who had the opportunity of seeing and appraising the witnesses as they testified, was clearly wrong in finding that Jordan had not met the burden of proof of successfully

impeaching the written records and the recollection of the Chief Deputy Clerk who testified that she would not have had any reason to make the entries she made, unless the events therein described had taken place, because she was "not in the habit of writing things down that do not take place."

In addition, we think it is clear that Jordan has waived the right to complain on post conviction hearing and appeal that he did not receive a copy of the charge and was not arraigned. There can be no doubt that his counsel was fully aware before and during trial that Jordan was being tried on the charge of receiving stolen goods. He testified that this was so, and that it would be normal procedure, to be expected, as well as the fact that he had discussed the case fully with his client. The record shows that witnesses had been summoned several days before the trial and this re-enforces the testimony as to the full discussion of the case. Jordan says that when, during the course of the trial, he heard that he was being tried on the charge of receiving stolen goods, he was so flabbergasted that he could do nothing about it. He said: "It came too sudden for me to * * * make any objection * * * I wasn't fully conscious of it." He admits that when he got back to jail and "kind of settled down a little bit," he realized he had been convicted of receiving stolen goods. As Judge Digges observed in his opinion, a long period of time ensued thereafter during which he made no comment whatsoever about his present complaints. He did not tell the court or his counsel during the trial or during the pendency of a motion for a new trial or during the time the case was being prepared for the Court of Appeals that he was convicted of something of which he had no knowledge he was charged. The point was not raised in the appeal to this Court. We said in *Heath v. State*, 198 Md. 455, 465, where the contention was similar to that now made, that the right to indictment can be waived and that the lesser count on which the appellant in the *Heath* case was convicted, "was fairly within the scope of the accusation and the consent filed," (as is true of Jordan in the instant case) and that, in any event, the failure of Heath "to make any objection to the third count prior to the verdict and judgment, in itself,

amounted to a waiver." See also *Lenoir v. State,* 197 Md. 495.

In the case before us there was not only failure to object to the court below prior to the verdict, after the receiving charge admittedly was known, but also a failure to raise the contention as to lack of knowledge on the motion for a new trial or in the appeal to this Court. In *Jackson v. Warden,* 218 Md. 652, cert. denied 359 U. S. 917, 3 L. Ed. 2d 580, on an application for leave to appeal from denial of *habeas corpus,* we held that Jackson's constitutional right to a free copy of the transcript of testimony required by the Supreme Bench of Baltimore as a prerequisite for a hearing on a motion for a new trial had been waived, since the point had not been raised on his appeal from judgment and sentence to the Court of Appeals.[1] We assumed for the argument that Jackson was correct in his contention that he had been deprived of his constitutional rights and held that habeas corpus was available only to protect constitutional rights that had not been waived, saying (p. 654) : "[r]elinquishment of a known right, either in the trial court, or on review, precludes relief in subsequent *habeas corpus* proceedings if the judgment complained of was not a nullity," and affirmed the denial of the writ.

In *State v. D'Onofrio,* 221 Md. 20, we held that the Uniform Post Conviction Procedure Act was procedural only and did not create new substantive rights not given before its passage by habeas corpus, coram nobis or other writs available at common law. The *Jackson* case, therefore, is direct authority for the proposition that failure to raise a contention on appeal from judgment and sentence constitutes a waiver which keeps the claimant from having the point considered in the post conviction procedure case. It amounts to judicial confirmation of the effect of the language of Sec. 645A (a) of the Act that its procedure is to be limited to correct or set aside an error "has not been previously and finally litigated *or waived* in the proceedings resulting in the conviction * * *." (Emphasis supplied.)

---

· 1. Original case is Jackson v. State, 214 Md. 454, cert. denied 356 U. S. 940, 2 L. Ed. 2d 816.

The *Jackson* opinion relied in part on *Brown v. Allen*, 344 U. S. 443, 486, 97 L. Ed. 469, 504, in which the two petitioners in *Daniels v. Allen* (one of the three cases heard and decided together under the title "Brown v. Allen") had sixty days in which to make and serve a statement of the case on appeal to the highest court of North Carolina from the conviction in the trial court and failed to serve the statement until the sixty-first day. The Supreme Court held that their constitutional contentions as to the composition of the grand jury and the admission of inadmissible confessions had been waived, saying: "Failure to appeal is much like a failure to raise a known and existing question of unconstitutional proceeding or action prior to conviction or commitment. Such failure, of course, bars subsequent objection to conviction on those grounds."

This principle of *Brown v. Allen* was restated and acted upon in *Michel v. Louisiana*, 350 U. S. 91, 99, 100 L. Ed. 83, 92, in which the Supreme Court said that "No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right."

We find that Judge Digges was not in error in refusing to grant relief to Jordan.

*Order affirmed.*