**Harry MORRISON, Appellant,**

v.

**W. Frank SMYTH, Jr., Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 7972.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 2, 1959.

Decided Jan. 4, 1960.

---

W. A. Hall, Jr., Richmond, Va., for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (A. S. Harrison, Jr., Atty. Gen. of Virginia, and Thomas M. Miller, Asst. Atty. Gen. of Virginia, on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

SOBELOFF, Chief Judge.

Harry Morrison petitioned the United States District Court for the Eastern District of Virginia for a writ of habeas

corpus on July 17, 1959, and this is his appeal from the order of that court dismissing his petition. Morrison had been convicted on December 14, 1948, in the Circuit Court of the City of Richmond, Virginia, as a fourth offender under the Virginia recidivist statute, Code of Virginia, 1950, § 53–296, and sentenced to fifteen years imprisonment. His petition for habeas corpus rests upon the ground that three of the four prior convictions were invalid, and therefore he could not be lawfully convicted as a fourth offender.

He was first convicted in 1937, in the Circuit Court of Henry County, Virginia, for housebreaking and larceny. He was again convicted in that court in 1938 for breaking and entering a railroad car with intent to commit larceny, and once more in 1941 for housebreaking and larceny. His fourth conviction was in July, 1948, for breaking and entering a storehouse with intent to commit larceny.

Morrison asserts that his 1937 conviction was void because of the failure of the Circuit Court of Henry County to show in its order the defendant's plea, and therefore there was no joinder of issue. There he had, in fact, pleaded guilty. As to the 1941 conviction he contends that it was void because he was indicted for burglary but, after pleading guilty, was convicted of housebreaking. It is argued that housebreaking is not a lesser offense included within burglary, and thus the appellant was convicted of an entirely different offense than that for which he was indicted. Finally, it is claimed that the 1937, 1938 and 1941 convictions were all void because Morrison was denied counsel in all three trials.

Before seeking relief in the federal court, Morrison, in 1957, filed a petition for a writ of habeas corpus in the Circuit Court of Hanover County, Virginia, attacking his conviction as a recidivist on the same grounds asserted here. That court declared the 1937 and 1941 convictions invalid, on the ground of the court's failure to recite the plea in its order, and on the ground that under Virginia law, housebreaking was not a lesser offense included within burglary. The order of the Circuit Court for Hanover County, in 1957, contained no mention of the petitioner's claim that he was denied counsel in his 1937, 1938 and 1941 trials. The state appealed from the decision granting the writ of habeas corpus, and the Supreme Court of Appeals of Virginia, in Smyth v. Morrison, 1959, 200 Va. 728, 107 S.E.2d 430, reversed. It held that under Virginia law, where the order of the court clearly showed that the defendant was present in person, duly arraigned, and entered a plea, recital of the nature of the plea in the order was not jurisdictional, and the mere omission of the nature of the plea did not render the conviction void. That court also held, contrary to appellant's contention, that housebreaking was an offense of a lesser degree embraced in an indictment for burglary, and that one pleading guilty to the greater offense may be convicted of the lesser. There was no evidence whatsoever in the record before the Supreme Court of Appeals of Virginia relative to the point that Morrison was denied counsel at his first three trials, and therefore the appellate court did not consider it. Morrison failed to apply to the Supreme Court of the United States for a writ of certiorari to review the decision of Virginia's highest court.

■ First, with regard to the attacks upon the 1937 and 1941 convictions for failure to recite the plea in the order, and for convicting of housebreaking under an indictment for burglary, we think that the issues involved are solely concerned with interpretations of state criminal law, and Morrison was not denied due process of law by the state court's determination of those issues. He has also failed to exhaust his state remedies, which include application for certiorari to the United States Supreme Court, on these issues. Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

Secondly, as to the allegation that Morrison was denied counsel in his first three trials, the state again relies on the appellant's failure to exhaust state remedies. Morrison, on the other hand, replies that since there was nothing in the record be-

fore the Virginia Supreme Court of Appeals relative to his charge of denial of counsel, it would have been a useless effort on his part to seek a writ of certiorari from the Supreme Court of the United States. The state also urges that Morrison, represented in the 1957 habeas corpus proceedings in Virginia by paid counsel of his own choice, by failing to designate as part of the record to the Virginia Supreme Court of Appeals the alleged testimony concerning denial of counsel at the previous trials, and by failing to cross-appeal on this issue, has waived it, and is precluded from having it considered by a *federal* court. However, in answer to our inquiries, the appellee's attorney, an Assistant Attorney General of Virginia, took the position that it was unsettled whether Morrison could, in a new post conviction proceeding in *Virginia* courts, obtain a determination of this issue.

If Morrison can now bring an action in the Virginia courts and obtain a ruling on the question of whether he was denied counsel, in violation of the Fourteenth Amendment to the United States Constitution, he should be required to do so and exhaust all available state remedies before seeking relief in a federal district court. If, on the other hand, it should be authoritatively determined by the Virginia courts that Morrison is now precluded, because of waiver or on some other grounds, from bringing an action in the state courts, and thus has exhausted all presently available state remedies, then the federal courts would be open to him to seek such relief, if any, as he may be entitled to.

It is to be noted, however, that we are bound by the Supreme Court's rulings drawing a distinction between the right to counsel in federal and state criminal proceedings. According to these rulings, not always is lack of counsel in a state criminal proceeding a violation of the Fourteenth Amendment, and exceptional circumstances must be present for it to constitute denial of due process under that amendment. Bute v. People of State of Illinois, 1948, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986; Gryger v. Burke, 1948, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683; Harvey v. Smyth, 4 Cir., 1958, 255 F.2d 21; Lee v. Smyth, 4 Cir., 1958, 262 F.2d 53. It is also true that, under certain circumstances, a constitutional right may be waived in the state courts so that the criminal defendant is precluded from having the alleged denial of that right considered by the federal courts, United States ex rel. Jackson v. Brady, 4 Cir., 1943, 133 F.2d 476. However, we do not reach these questions in this case, as the Supreme Court of Appeals of Virginia should first have the opportunity to determine them.

For the above reasons, the District Court's dismissal of the appellant's petition for a writ of habeas corpus is

Affirmed.