Donald DOBSON, Petitioner,

v.

WARDEN, MARYLAND PENITENTIA-
RY, Respondent.

Civ. No. 11293.

United States District Court
D. Maryland.

May 17, 1960.

Donald Dobson, pro se.

THOMSEN, Chief Judge.

Petitioner pleaded guilty to seven separate offenses of armed robbery before Judge Joseph Carter in the Criminal Court of Baltimore City on December 14, 1956, and was sentenced to twenty years in each case, the sentences to run consecutively, an aggregate of one hundred and forty years.

Petitioner applied to Judge Warnken of the Supreme Bench of Baltimore City for a writ of habeas corpus. That petition was denied on August 7, 1957, and an application for leave to appeal was denied by the Court of Appeals of Maryland, Dobson v. Warden, 214 Md. 654, 135 A.2d 890. Judge Carter denied an application for a writ of error coram nobis on May 29, 1958. Petitioner also applied for a writ of habeas corpus to Judge Mason of the Supreme Bench, which was denied on August 28, 1958. After the passage of the Maryland Post Conviction Procedure Act (Anno.Code of Md.), Article 27, secs. 645A to 645J, inclusive, he applied for relief thereunder. His petition was dismissed, with full opinion by Judge Manley, sitting in the Criminal Court of Baltimore City, on March 24, 1959. His application to appeal from Judge Manley's decision was denied by the Court of Appeals of Maryland on October 26, 1959, Dobson v. Warden, 220 Md. 689, 154 A.2d 921. A petition for a writ of certiorari has been denied by the Supreme Court, April 19, 1960, Dobson v. Warden, 362 U.S. 954, 80 S.Ct. 867, 4 L.Ed.2d 871.

Petitioner has previously filed in this court four petitions for writs of habeas

corpus, all of which have been denied for failure to exhaust his state remedies and for other reasons.

Now that petition for certiorari has been denied by the Supreme Court, he has filed a duplicate of his last petition for a writ of habeas corpus in this court.

Although worded somewhat differently from his various petitions filed in the state courts, his present petition for writ of habeas corpus raises essentially the same points as he raised in the state courts. All of those points have been considered on their merits by the Court of Appeals of Maryland in reviewing the decisions of the lower state courts before whom the various petitions were filed, except (a) the contention that his court-appointed counsel did not adequately protect his rights, and (b) that Judge Manley did not allow him to call witnesses to support his petition under the Maryland Post Conviction Procedure Act.

With respect to point (a), the Court of Appeals said: "This Court has repeatedly held that the allegation that counsel did not adequately protect the rights of an accused is not a ground for the granting of a writ of *habeas corpus* in the absence of any allegations of fraud, collusion with State officials or objections raised in the trial court. Hicks v. Warden, 213 Md. 625, 130 A.2d 761." 214 Md. at page 656, 135 A.2d at page 891. Judge Manley fully considered on the merits the related argument that counsel had a conflict of interests and found no merit in that contention. Judge Manley's opinion is part of the record in this case.

■ In Snead v. Smyth, 4 Cir., 273 F.2d 838, at page 842, the Court said: "It is generally held that mere mistakes or errors of counsel are not sufficient to establish a violation of the defendant's constitutional right. It is only in such extreme instances where the representation has been so inadequate as to make a farce of the trial that it can be said that the prisoner was deprived of his constitutional rights." In the instant case, petitioner pleaded guilty to all seven indictments, and no facts are alleged which show any fraud, collusion with state officials, or objections raised by petitioner to his counsel in the trial court. Indeed no facts are alleged which show any improper conduct on the part of counsel. Certainly counsel was phenomenally unsuccessful since his client received the maximum sentence on seven charges, even though three of the indictments arose out of one episode where three men were robbed in a tavern at the same time. Such lack of success does not prove such incompetency or misconduct as calls for relief under the rule stated in Snead v. Smyth, supra.

■ With respect to point (b), sec. 645G of the Uniform Post Conviction Procedure Act provides: "The court *may* receive proof by affidavits, deposition, oral testimony or other evidence and *may* order the petitioner brought before it for the hearing." (Emphasis supplied.) This discretion vested in the trial judge does not render the Act unconstitutional, and it does not appear from the petition in this case that Judge Manley abused his discretion.

■ With respect to the other points, it is settled that federal courts will not consider contentions which have been fairly considered and decided by the highest state court. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Trent v. Blalock, 4 Cir., 271 F.2d 510; Newsom v. Smyth, 4 Cir., 261 F.2d 452, certiorari denied 359 U.S. 969, 79 S.Ct. 883, 3 L.Ed.2d 837.

■ In the first appeal, Dobson v. Warden, 214 Md. 654, 135 A.2d 890, 891, the Court of Appeals of Maryland said: "Article 27, sec. 574A of the Code 1951 sets the maximum penalty for robbery with a deadly or dangerous weapon as twenty years in the penitentiary. Ordinarily, any punishment authorized by a statute and imposed by a court within the statutory limits is not 'cruel and unusual' punishment within the Maryland Declaration of Rights, arts. 16, 25, and is not subject to review by us even on appeal from the judgment. Frazier v. Warden, 205 Md. 654, 656, 109 A.2d 78. Therefore at least 20 years of the sen-

tence is plainly legal. If we assume, without deciding, that the question of whether the sentences, in aggregate, constitute cruel and unusual punishment is a proper one to be raised in *habeas corpus* proceedings; clearly, the question is prematurely brought until the petitioner has served at least 20 years thereof. Roberts v. Warden, 206 Md. 246, 255, 111 A.2d 597." That decision is in accord with the federal rule. Under the circumstances, I hold that point to have been prematurely raised in this court also.

Leave to file in forma pauperis is granted. The petition for a writ of habeas corpus is denied.

The Clerk is directed to send a copy of this memorandum and order to the petitioner.