George T. JORDAN, Petitioner

v.

William P. STEINER, Warden, Maryland House of Correction, Respondent.

Civ. No. 11191.

United States District Court
D. Maryland.

May 24, 1960.

George T. Jordan, pro se.

THOMSEN, Chief Judge.

This case is before me on a petition for a writ of habeas corpus against the Warden of the Maryland House of Correction, filed by George Thomas Jordan with Honorable Simon E. Sobeloff, Chief Judge of the United States Court of Appeals for the Fourth Circuit, and referred by Judge Sobeloff to me in accordance with 28 U.S.C.A. § 2241(b). An almost identical petition filed by petitioner with me a few days before is also pending, but petitioner has advised me that the petition filed with Judge Sobeloff is the more accurate statement of his contentions.

Petitioner was charged in a three count information filed in the Circuit Court for Prince George's County with (1) larceny of an automobile, (2) receiving an automobile knowing it to have been stolen, and (3) unauthorized use. He was tried before the court without a jury on April 8, 1958, was found guilty of the second count and not guilty of the first and third counts, and was sentenced to serve five years. His conviction was affirmed, February 12, 1959, Jordan v. State, 219 Md. 36, 148 A.2d 292. Many of the questions raised by the present petition were considered and disposed of by the Court of Appeals on that appeal.

In the meantime, petitioner had filed in the Circuit Court for Prince George's County a petition for relief under the Post Conviction Procedure Act, Anno. Code of Md., 1957 ed., 1959 Supp., Art. 27, secs. 645A–645J, and had filed several petitions for writs of habeas corpus, one with this court, all of which had been denied. On February 13 he was notified by the Honorable John B. Gray, Jr., Chief Judge of the Seventh Judicial Circuit of Maryland, which includes Prince George's County, as follows: "I have just learned that the Court of Appeals has completed its study of your appeal from the Circuit Court for Prince George's County and today has returned to the Court the file in your case after affirming the conviction. The next step is to dispose of the several petitions and motions pending in this case including your application for review under the post conviction act."

Shortly thereafter, petitioner prepared three copies of a petition for writ of certiorari to be filed with the Clerk of the Supreme Court of the United States and made several efforts to mail one copy thereof to the Clerk of the Supreme Court, one copy to the Court of Appeals of Maryland, and one copy to the Attorney General of Maryland. The petitioner's classification officer at the Maryland State Penitentiary honestly, but mistakenly believed that it was necessary for petitioner to complete the proceedings under the Maryland Post Conviction Procedure Act before he was entitled to file a petition for writ of certiorari from the decision of the Court of Appeals of Maryland affirming his conviction. The classification officer, therefore, refused to allow the letters to be mailed.

On April 23, 1959, the Clerk of this Court received a letter dated April 21, 1959, enclosing a petition for a writ of habeas corpus. The petitioner contended, inter alia, that he has been prevented by the Warden of the Maryland State Penitentiary (where he was then confined) from filing a petition for a writ of certiorari to the Supreme Court of the United States. On that petition I entered a show cause order, the Attorney General of the State of Maryland filed an answer, I appointed counsel to represent petitioner, and the case was set for hearing on June 16, 1959. Since the Maryland Post Conviction Procedure Act does not permit, in proceedings filed thereunder, reconsideration of matters which have been previously litigated or waived, it was important that petitioner be given an opportunity to have the Su-

preme Court consider the matters which were decided by the Court of Appeals on his original appeal. I, therefore, delayed final action on the then pending petition for writ of habeas corpus until petitioner might have an opportunity to file a petition for a writ of certiorari with the Supreme Court of the United States from the final decision of the Court of Appeals of Maryland affirming his conviction, and said: "If such petition is considered on the merits by the Supreme Court and is not denied for failure to file in time, this court will finally remand petitioner to the custody of the respondent. If such petition is not considered by the Supreme Court on the merits because not timely filed, this court will enter such further order as may be proper." An opinion and order to that effect were filed on July 6, 1959.

Following that opinion and order, the Court of Appeals of Maryland vacated its original order and mandate and filed a new judgment and mandate affirming the judgment of conviction, so that petitioner might file a timely petition for certiorari with the Supreme Court of the United States. Such a timely petition was filed and certiorari was denied, October 12, 1959, Jordan v. Maryland, 361 U.S. 849, 80 S.Ct. 105, 4 L.Ed.2d 87.

Petitioner's application under the Maryland Post Conviction Procedure Act was heard and denied by Honorable J. Dudley Digges, in the Circuit Court for Prince George's County, on June 24, 1959. Appeal from that denial was heard by the Court of Appeals of Maryland, and the order of Judge Digges was affirmed, December 14, 1959, Jordan v. State, 221 Md. 134, 156 A.2d 453. A number of the points raised by Jordan in his present petitions were again considered by the Court of Appeals of Maryland. Certiorari was again denied by the Supreme Court, February 23, 1960, Jordan v. Maryland, 361 U.S. 972, 80 S.Ct. 606, 4 L.Ed.2d 552.

Many previous petitions for writs of habeas corpus have been denied by various state court judges, including Chief Judge Brune of the Court of Appeals of Maryland.

After the second denial of certiorari, petitioner requested me to grant him a hearing on his second petition for a writ of habeas corpus filed in this court, which had resulted in the order of July 6, 1959, discussed above. Petitioner was then alleging the following facts, contending that each of them showed a violation of his rights under the Fourteenth Amendment:

(1) That he was never presented or indicted by the grand jury on the charge of receiving stolen goods and that the waiver he executed did not operate to waive his rights with respect to that charge;

(2) That he was never notified or informed of the charge of receiving stolen goods and was never arraigned on that charge;

(3) That he never waived his constitutional right to be duly informed of that charge and to be arraigned thereon; and

(4) That he was convicted without the introduction of any evidence or testimony to link him with the crime of receiving stolen goods.

The first contention had been twice considered and disposed of by the Court of Appeals of Maryland. Jordan v. State, 219 Md. 36, at page 43, 148 A.2d 292; Jordan v. State, 221 Md. 134, at page 138, 156 A.2d 453.

The second and third contentions had not been raised at the trial or on his appeal from his conviction. They were raised at his Post Conviction Procedure hearing and were considered on the appeal therefrom. Judge Digges found that Jordan had not met the burden of successfully impeaching the written records and the recollection of the Chief Deputy Clerk of the Circuit Court. The Court of Appeals of Maryland sustained this decision, and held, in addition, that Jordan had waived his right to complain of these alleged defects, citing Maryland

and United States Supreme Court precedents. Jordan v. State, 221 Md. 134, 156 A.2d 453.

The fourth contention was considered and disposed of by the Court of Appeals on the original appeal. Jordan v. State, 219 Md. 36, 148 A.2d 292.

I found that petitioner's second petition, which was then before me, did not show a deprivation of any rights under the Fourteenth Amendment and that his contentions had been fully and fairly considered by the state courts. I therefore denied that petition for writ of habeas corpus on March 21, 1960.

Petitioner took no appeal to the Fourth Circuit from that order, but filed an elaborate new petition with me and filed the elaborate petition with Judge Sobeloff which has been referred to me.

■ In these new petitions, he rehashes the old contentions which were disposed of by me on his second petition, as well as by the Court of Appeals of Maryland or by Judge Digges, or both. Even though his new petition adds a few new allegations on those issues, he is not entitled to have them tried again.

He also makes a number of other contentions:

(1) He complains of the action of the Court of Appeals of Maryland in vacating the original judgment and filing a new judgment so that he could have a right to apply for certiorari. He says that the petition for certiorari was denied because it was not timely filed. This statement is not supported by the record and is clearly contrary to the facts.

■ (2) Petitioner claims that his arrest and conviction stem from prejudice and bias against him due to previous experiences with the Prince George's County police. This point was raised in petitioner's testimony during the Post Conviction Procedure hearing before Judge Digges, but was not treated as a separate point by either Jordan's counsel or by Judge Digges. It should have been raised on the original appeal, and

certainly does not justify the issuance of a writ of habeas corpus by this court.

■ (3) Petitioner contends that the court reporter made so many mistakes in the transcript of the Post Conviction Procedure hearing that the Court of Appeals could not consider and decide his case fairly. He was represented on that appeal by two counsel, one of whom had previously represented him in Prince George's County and one of whom had been originally appointed by me at the time of the hearing which resulted in the July 1959 order, and who had been appointed to continue in the case by the Chief Judge of the Court of Appeals of Maryland. This point was not raised before the Court of Appeals of Maryland, and would not justify the issuance of a writ by this court.

■ (4) Petitioner's other new contentions amount merely to new arguments seeking to show that the evidence did not justify his original conviction. That point has been fully considered and fairly decided by the Maryland courts and cannot now support the issuance of the writ of habeas corpus. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Trent v. Blalock, 4 Cir., 271 F.2d 510; Lee v. Smyth, 4 Cir., 262 F.2d 53, certiorari denied 359 U.S. 947, 79 S.Ct. 727, 3 L.Ed.2d 679; Newsom v. Smyth, 4 Cir., 261 F.2d 452, certiorari denied 359 U.S. 969, 79 S.Ct. 883, 3 L.Ed. 2d 837; Plater v. Warden, 4 Cir., 261 F.2d 445; Johnson v. Tucker, 4 Cir., 249 F.2d 650; Presley v. Peppersack, 4 Cir., 227 F.2d 325; Cumberland v. Warden, 4 Cir., 227 F.2d 310.

Leave to file in forma pauperis the petition for writ of habeas corpus filed by petitioner with Judge Sobeloff and by him referred to me is hereby granted. That petition for writ of habeas corpus is hereby denied.

Leave to file in forma pauperis the third petition for writ of habeas corpus filed by Jordan with me is hereby denied, since it is essentially a duplicate of the petition filed with Judge Sobeloff.

Along with the petition for writ of habeas corpus which petitioner filed with Judge Sobeloff was a notice of appeal, which read as follows: "I, George T. Jordan, hereby appeal to the United States Court of Appeals for the Fourth Circuit from an order of Honorable Chief Judge Simon E. Sobeloff of the United States Court of Appeals for the Fourth Circuit as an individual Judge denying the issuance a 'Petitioner (sic) for Writ of Habeas corpus' entered into this action on the —— day of May, 1960, A.D." I will treat that paper as a notice of appeal from this order which I am now entering. So treated, I have filed it with the Clerk.

The Clerk is directed to send a copy of this order to the petitioner.