## GARLAND *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 43, September Term, 1960.]

*Decided January 18, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

The petitioner requests leave to appeal under the P. C. P. A. He was convicted on February 2, 1959, of attempted robbery in the Circuit Court for Baltimore County, and, on February 4, 1959, he filed a motion for a new trial, which was denied on March 9, following. He was represented by counsel at his trial and on the hearing of his motion for a new trial.

He raises three questions: (1) that the delay in hearing his motion for a new trial was a violation of Code (1957), Article 27, Section 594, which requires motions for a new trial to be heard within ten (10) days, and thus he was deprived of his rights to a full, fair and speedy trial and was deprived of due process of law and to a full and prompt hearing and review of his conviction; (2) that his counsel, al-

though requested to do so, failed to take an appeal within the time allowed by law, thus depriving him of his right to review, by the Court of Appeals of Maryland, of the verdict rendered and the judgment entered thereon; and (3) that the trial court convicted him as an accessory before the fact, although the indictment charged him as a principal.

## I

It is true that said Section 594 states that motions for new trials in criminal cases shall be heard within ten days, and, while this provision should be followed by the trial courts when possible and practical, we consider it directory, and not mandatory, compare *Snyder v. Cearfoss*, 186 Md. 360, 370, 46 A. 2d 607; hence, the failure to hear the motion for a new trial within ten days, alone, is not a ground for relief under the P. C. P. A. Moreover, Judge Lindsay, below, found that the failure to hear the motion within ten days did not result in any unfairness to the accused or the deprivation of any of his rights, and we agree.[1] Furthermore, the petitioner took no direct appeal in his case after the denial of his motion for a new trial. Had any rights accrued to him, or had he suffered any prejudice, as a result of the failure to hear his motion within ten days, they could have been considered and reviewed on appeal; but his failure to appeal constituted a waiver of those rights (if there were any), and they are not available as grounds for relief under the P. C. P. A. *Farmer v. Warden*, 221 Md. 594, 155 A. 2d 665; *Jordan v. State*, 221 Md. 134, 156 A. 2d 453.

## II

The "Stipulation As To Testimony" agreed upon by counsel for the petitioner and the State and filed herein fails to establish that the petitioner requested his counsel to note an appeal within the requisite time; hence the second contention attempted to be raised by the petitioner is not properly before us.

---

1. The delay ensued, at least in part, by the necessity of writing up certain passages of testimony for use in the petitioner's motion for a new trial, as well as the use of said testimony by certain codefendants.

## III

The third contention is no more than an assertion that his conviction is not supported by the evidence, an argument clearly not within the scope of post conviction review. *Price v. Warden*, 220 Md. 643, 151 A. 2d 166.

*Application denied.*