**In the Matter of the Petition of William G. THOMPSON For Reconsideration of this Court's Opinion on Original Petition for Writ of Habeas Corpus.**

Civ. A. No. 1037-60.

United States District Court
D. New Jersey.
May 22, 1961.

WORTENDYKE, District Judge.

On December 14, 1960 William G. Thompson, a New Jersey State prisoner, filed a petition in this Court for a writ of habeas corpus. By opinion and order filed February 24, 1961, this Court denied that petition.

On March 14, 1961, the same petitioner filed in this Court an "Application for Leave to File a New Petition for a Writ of Habeas Corpus." The latter application was accepted and treated by this Court as a petition for reconsideration, and leave was granted to petitioner to submit a supplemental brief, which has been duly considered by this Court.

The factual background against which the present applicant's original petition was filed in this Court has been fully set forth in the opinion disposing of that petition.

Petitioner's present contentions are as follows:

1. The medical testimony available to petitioner upon the trial of the abortion indictment was waived by advice of petitioner's counsel.

2. The weight of the testimony of the State's autopsy physician was insufficient to support a conviction.

3. The trial transcript contained alterations and omissions.

4. A witness for the State was addressed by an incorrect title.

5. There were variances between the testimony of witnesses for the State as given upon the trial of the abortion indictment and their testimony upon the trial of the conspiracy indictment.

6. The preserved uterus of the victim of the charged offense was removed from the court room after its demonstrative use by the State's autopsy physician.

7. The initial appellate court failed to pass upon all of petitioner's points for appeal.

8. The venue of the trial was improper.

Each of the foregoing contentions was fully considered by this Court in reaching its conclusion that the petition for writ of habeas corpus should be denied.

■ The decision of trial counsel for the petitioner to present no medical testimony, and petitioner's acceptance of his attorney's advice to that effect, does not constitute a deprivation of petitioner's right to a fair trial. Jones v. Huff, 1945, 80 U.S.App.D.C. 254, 152 F.2d 14; Maye v. Pescor, 8 Cir., 1947, 162 F.2d 641.

■ The weight of the evidence may not be reviewed under a writ of this Court after the sufficiency thereof has been passed upon by the two State appellate tribunals availed of by the petitioner. United States ex rel. Bongiorno v. Ragen, 7 Cir., 1945, 146 F.2d 349, certiorari denied 325 U.S. 865, 65 S.Ct. 1194, 89 L.Ed. 1985; Telfian v. Sanford, 5 Cir., 1947, 161 F.2d 556, certiorari denied 332 U.S. 781, 68 S.Ct. 48, 92 L.Ed. 365.

■ In his most recent ("supplemental") brief on his petition for writ of habeas corpus, petitioner complains that this Court "has refused to consider the defendant's allegation that the transcripts of testimony were altered, with portions completely deleted, portions reworded and substitutions made." He does not allege either in his initial or in his supplemental petition for a writ of habeas corpus that the claimed alterations, deletions, rewordings and substitutions were accomplished or instigated by the prosecution. For the state of the trial transcript petitioner and the prosecution were equally responsible and means were available for ensuring the accuracy thereof. See N.J.R.R. 1:6–6. Despite the claimed inaccuracy of the trial transcript, petitioner succeeded in obtaining a reversal by the Appellate Division. Upon the State's appeal to the New Jersey Supreme Court, the present petitioner made no point of the presently claimed insufficiency of the trial transcript, although it was referred to by him in his application for a rehearing before the Supreme Court, which was denied. 28 U.S.C. § 2254 prohibits the grant by this Court of a writ of habeas corpus in behalf of a person in State custody "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." The same section further provides that the existence of a right under the law of the State to raise by any available procedure the question presented upon the application for the writ, conclusively presumes the non-exhaustion of the remedies available in the courts of the State. The failure of the present petitioner to avail himself of the procedure for the correction of the trial transcript precludes his right to obtain

the intervention of this Court. As late as the State's appeal to the New Jersey Supreme Court, petitioner could have applied to the Supreme Court for the correction of the trial record under N.J. R.R. 1:6–6, but he failed to do so. This Court's intervention is not warranted. See Jordan v. Steiner, D.C.Md.1960, 184 F.Supp. 432, 435.

The inaccuracy of the appellation given to the witness Brady has already been sufficiently dealt with in this Court's prior opinion.

■ Any variance in the testimony of a witness given upon the trial of the abortion indictment with that given by the same witness on the trial of the conspiracy indictment, affords no basis for inference that the fairness of the former trial was impaired by perjury known to the prosecution. Soulia v. O'Brien, 1 Cir., 1951, 188 F.2d 233, certiorari denied 341 U.S. 928, 71 S.Ct. 794, 95 L.Ed. 1359; Cobb v. Hunter, 10 Cir., 1948, 167 F.2d 888, certiorari denied 335 U.S. 832, 69 S.Ct. 19, 93 L.Ed. 385.

■ The preserved uterus was used on the trial of the abortion case by a medical witness for the State for the purpose of illustrating and demonstrating his testimony. It was in Court and available for petitioner's use had his attorney seen fit to request its possession. Moreover, it was exhibited to the jury during the demonstration for which it was employed.

■ This Court is without jurisdiction to review the decision of a State appellate court upon a writ of habeas corpus. Minnec v. Hudspeth, 10 Cir., 1941, 123 F.2d 444, certiorari denied 315 U.S. 809, 62 S.Ct. 797, 86 L.Ed. 1207; Wooten v. Bomar, 6 Cir., 1959, 267 F.2d 900; United States v. Von Der Heide, D.C.D.C.1959, 169 F.Supp. 560.

■ The offense of which petitioner was convicted was committed in Bergen County, New Jersey, but the victim of the offense died in Passaic County, where her "body was found" and where the case was tried. There appears to have been full compliance with the requirements of New Jersey Revised Rule 3:–6–1(d).

I find neither in the original petition for writ of habeas corpus, nor in his most recent supplement thereto, any basis for inference that the petitioner has suffered a violation of his rights to due process, nor for the appointment of counsel here in his behalf, nor for affording to petitioner a hearing upon his allegations.

For the reasons aforesaid, therefore, the order of February 24, 1961 denying the petition of William G. Thompson for a writ of habeas corpus is hereby reaffirmed, and the supplement to said petition is denied and dismissed.