DONALD LEE DODSON, a/k/a DONALD LEE DOBSON *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 127, September Term, 1969.]

*Decided January 30, 1970.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Donald Lee Dodson pro se.*

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for respondent.

PER CURIAM.

This is an application for leave to appeal from an order denying applicant's third petition for relief under the Uniform Post Conviction Procedure Act.

The applicant was sentenced to a total of 140 years by Judge Joseph L. Carter in 1956, upon pleas of guilty in each of seven indictments for armed robbery.

Prior to filing the present petition, applicant had filed two petitions for writs of *coram nobis,* both of which were denied; two petitions for Post Conviction relief, both of which were denied and the respective applications for leave to appeal denied by the Court of Appeals of Maryland (see *Dobson v. Warden,* 220 Md. 689, *cert. den.,* 362 U. S. 954, and *Dobson v. Warden,* 243 Md. 685) ; and

a petition for writ of *habeas corpus* which was denied, as well as the application for leave to appeal from its denial (see *Dobson v. Warden,* 214 Md. 654, *cert. den.,* 355 U. S. 966). In addition, he had filed a petition for a writ of *habeas corpus* in the United States District Court for the District of Maryland which was denied (see *Dobson v. Warden,* 188 F. Supp. 599) and his appeal to the Fourth Circuit Court of Appeals was, likewise, dismissed. *Dobson v. Warden,* 284 F. 2d 878, *cert. den.,* 366 U. S. 969. In 1964, his sentences were commuted to a total of fifty years by the Honorable J. Millard Tawes, Governor of Maryland.

In his third petition, which is the subject of this application for leave to appeal, he contends (1) that since his guilty pleas were submitted at an arraignment (without counsel) [1] before Judge Carter, he was precluded from thereafter changing his pleas to not guilty because Judge Carter, before whom he would have been tried, could not erase from his mind the guilty pleas previously entered; (2) that he was "deprived of his Fourteenth Amendment rights;" and (3) that it was error for Judge Carter to sit as a trial judge.

The second contention must be dismissed summarily since it is merely a bald allegation unsupported in the record before us by any facts or reasons. The first and third contentions must be deemed to have been waived since there has been no showing of any special circumstances to excuse his failure previously to assert them or to rebut the statutory presumption of waiver created by Md. Code, Art. 27, § 645A (c). See *Jones v. Warden,* 2 Md. App. 343.

*Application denied.*

---

1. Counsel was subsequently appointed.