## PHILLIPS *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 59, September Term, 1960.]

*Decided March 20, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

Ralph E. Phillips (applicant) was convicted of robbery
and rape in the Criminal Court of Baltimore on February
27, 1959, and was sentenced to five years in the Maryland
Penitentiary on the first count and twenty years on the sec-
ond count, to run concurrently. He was represented by court-
appointed counsel and filed no motion for a new trial or ap-
peal from the judgment and sentence.

Phillips filed application in the Criminal Court for relief
under the Post Conviction Procedure Act which was denied
by Judge Manley, sitting in the Criminal Court, on January
4, 1961, after again appointing counsel for applicant and
having a hearing. Prior to the ruling on the merits, applicant's
counsel had requested that the application for relief be with-
drawn without prejudice because it did not make out a case.
The trial judge, acting within his discretion under the terms
of Art. 27, § 645F, Code (1960 Cum. Supp.), denied the re-
quest.

Applicant raised several familiar grounds for relief in the
trial court. However, in his application for leave to appeal
to this Court, applicant has narrowed his contentions to one,
namely that his court-appointed counsel at his hearing under
the Post Conviction Procedure Act was incompetent because
he attempted to withdraw the petition for relief under the
Act and that this action was taken completely without his
knowledge or consent. He also requests this Court to order
the court below to supply him with a free transcript of his
original trial.

The contention of the applicant in this Court is anything
but novel, and the explanation offered to show why his coun-
sel was incompetent adds little weight. There are numerous
cases which hold that allegations of incompetent representa-
tion at such hearings must be specific, indicating, for ex-
ample, that applicant had no opportunity to make such com-

plaint to the trial court or that there was evidence that counsel was guilty of fraud, bad faith or collusion with an officer of the State. *Diggs, alias Green v. Warden of Md. Penitentiary,* 221 Md. 624, 157 A. 2d 453 (1960); *Jackson v. Warden of Md. Penitentiary,* 211 Md. 599, 125 A. 2d 840 (1956); *Haynie v. Warden of Md. Penitentiary,* 210 Md. 668, 124 A. 2d 285 (1956). Applicant fails to support this contention with any such allegations. Furthermore, since the trial court denied counsel's request for withdrawal and considered the application on its merits, there is no showing of prejudice to applicant.

Applicant's request for a free transcript of his original trial, which was denied in the trial court, is also without merit. The Act does not require that a transcript be furnished. Applicant is not entitled as of right to such transcript (nor is there any showing by applicant that it would serve any useful purpose). *Truesdale v. Warden,* 221 Md. 617, 157 A. 2d 281 (1960); *Ingram v. Warden,* 221 Md. 597, 155 A. 2d 668 (1959); *Townshend v. Warden,* 222 Md. 617, 159 A. 2d 854 (1960).

In view of applicant's failure to state any proper ground for relief under the Post Conviction Procedure Act, the application will be denied.

*Application denied.*