## MASON v. STATE

[No. 223, September Term, 1960.]

*Decided April 6, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *Donald P. Roman,* for appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A.*

*Harris* and *Robert V. Lazzaro, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, on the brief, for appellee.

PER CURIAM.

Jerome Mason, the appellant, was tried before Judge Carter in the Criminal Court of Baltimore, sitting without a jury, on charges of assault with intent to murder one Henry McCormick and of assaulting and beating one John Bethea. He was sentenced to imprisonment on these charges for terms of ten years and of two years, respectively, the sentences to run concurrently. On this appeal he contends that these convictions are unsupported by the evidence. We find no merit whatever in his contentions.

There was evidence to show that Mason attempted to stab Bethea in the back, that McCormick shoved Bethea out of the way of Mason's knife and in so doing pushed Bethea over; that, nevertheless, Bethea's coat was cut; that Mason struck Bethea after he was down; that Mason then turned on McCormick and stabbed him with an eight-inch knife at a point in McCormick's chest within two inches of his heart; that Bethea was with the police officer and identified Mason when the officer arrested Mason within one hour after the stabbing; that Mason was later identified in a police line-up by Bethea and by Mrs. McCormick, who had been an eye witness of the attacks; and that McCormick had been at the hospital for some days because of the seriousness of his wound and had therefore been unable to be present at the police station line-up. Mason was again identified in court by Bethea and Mrs. McCormick as the assailant and was also there identified by McCormick. Against this was Mason's denial of the charges; and there were some differences in recollection between the identifying witnesses as to the clothing Mason was wearing at the time of the attacks and as to the color thereof.

Our review on appeal of the sufficiency of the evidence to sustain a conviction in a non-jury case is limited (as has been said repeatedly) to a determination of whether the evi-

dence, together with proper inferences therefrom, was such that the trial judge could fairly be convinced beyond a reasonable doubt of the defendant's guilt; and his findings of fact are not to be set aside unless clearly erroneous. *Bush v. State,* 223 Md. 382, 164 A. 2d 724; *Cummings v. State,* 223 Md. 606, 165 A. 2d 886. Here the evidence was ample to sustain the convictions.

The witnesses' differences in recollection as to the color and other details of the defendant's clothing at the time of the attacks go at most to the weight of their testimony, and fall far short of discrediting their identifications of the defendant. These differences were of no real consequence, and the credibility of the witnesses was, in any event, a matter for consideration by the trier of the facts. *Williams v. State,* 223 Md. 339, 340, 164 A. 2d 467; *Bush v. State, supra.*

Stabbing a man with an eight-inch knife at a point within two inches of his heart is sufficient to sustain a charge of assault with intent to murder. *Johnson v. State,* 223 Md. 253, 255, 164 A. 2d 269, and cases therein cited.

The sufficiency of the evidence to sustain the conviction on the charge of assaulting Bethea is beyond any reasonable question. *Kellum v. State,* 223 Md. 80, 162 A. 2d 473.

*Judgments affirmed.*