Joseph Oleif WHITLEY, Appellant,

v.

Warden William F. STEINER, Maryland House of Correction, Appellee.

No. 8276.

United States Court of Appeals Fourth Circuit.

Argued April 7, 1961.

Decided July 26, 1961.

Stephen J. Pollak, Washington, D. C., court-assigned counsel (James C. McKay, Washington, D. C., court-assigned counsel, on the brief), for appellant.

James H. Norris, Jr., Sp. Asst. Atty. Gen. of Maryland (Thomas B. Finan, Atty. Gen., of Maryland, on the brief), for appellee.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and HARRY E. WATKINS, District Judge.

SOBELOFF, Chief Judge.

We are in this habeas corpus appeal faced with a problem concerning what has been termed the "abortive state proceeding,"[1] i. e., where a state prisoner, claiming a constitutional infirmity in his trial, has failed to present his claim to the state courts under a procedure which was in the past available, and has now lost the opportunity to get state relief. Does this bar him from obtaining relief by writ of habeas corpus in the federal courts?

In 1957 Joseph Oleif Whitley was tried for murder in the Circuit Court for Prince George's County, Maryland. The court, sitting without a jury, gave a verdict of acquittal as to murder in the first degree, but found Whitley guilty of second degree murder and sentenced him to twelve years imprisonment. The defendant failed to appeal from this conviction, and no reasons appear for this failure.

After three unsuccessful petitions in the state courts for habeas corpus relief, Whitley, in 1959, filed in the Circuit Court for Prince George's County an application under the Maryland Post Conviction Procedure Act, Annotated Code of Maryland (1957), Art. 27, § 645A et seq. This was denied without a hearing on the facts, and leave to appeal was refused by the Maryland Court of Appeals, Whitley v. Warden, Maryland House of Correction, 1960, 222 Md. 608, 158 A.2d 905. Certiorari was denied by the Supreme Court of the United States, 364 U.S. 808, 81 S.Ct. 75, 5 L.Ed.2d 42.

Whitley then instituted the present proceeding by filing a petition for a writ of habeas corpus in the United States District Court for the District of Maryland. That court dismissed the petition without a hearing and denied the required certificate of probable cause, but permitted an appeal *in forma pauperis*. A certificate of probable cause for the appeal was thereafter granted by this court, counsel was appointed for the appellant, and the issues have been vigorously and ably argued.

In the petition submitted to the District Court, Whitley raised two questions that could afford a basis for relief by federal habeas corpus: 1) that he was convicted by perjured testimony knowingly used by the state, and 2) that his confession, introduced against him at the trial, was involuntary. Both of these allegations had been presented to the state courts in his application under the Maryland Post Conviction Procedure Act. As to the perjured testimony issue the petitioner merely makes the bald assertion that perjured testimony was used, without reciting any facts whatsoever. There are no allegations concerning the nature of the testimony, what witness perjured himself, whether there was state complicity, or any other circumstances. In view of the complete lack of essential allegations, there was no error in denying a hearing on this issue.

On the other hand, with respect to the contention that his confession was coerced, substantial detail is asserted. At one point, Whitley states:

"While illegally[2] in the custody of officers at 11:30 a. m. on the 14th day of November 1956 in Prince George's County, Maryland, that petitioner, at 11:30 p. m. was demanded to go to the District of Columbia for the purpose of being given a lie detector test, without petitioner's consent. Petitioner while in the District of Columbia without food,

---

1. See Reitz, "Federal Habeas Corpus: Impact Of An Abortive State Proceeding," 74 Harv.L.Rev. 1315 (1961).

2. Whitley also alleges that he was arrested on information and belief only, without a warrant.

water, and sleep, was questioned by officers for many hours who slapped petitioner many times and cast bright lights in petitioner's eyes and made threats that if petitioner did not give a confession and tell the truth that they would see that the judge send the petitioner to the Gas Chamber. Petitioner fearing to do otherwise rendered a confession admitting guilt of said murder."

Elsewhere in his petition, Whitley recites facts concerning the length of his detention and other circumstances surrounding the confession. It is, of course, well settled that the use of an involuntary confession at a state trial violates the Due Process Clause of the Fourteenth Amendment and entitles the defendant to relief by habeas corpus in the federal courts. Chambers v. State of Florida, 1940, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; Malinski v. People of State of New York, 1945, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; Watts v. State of Indiana, 1949, 338 U.S. 49, 69 S.Ct. 1347, 93 L.Ed. 1801; Rogers v. Richmond, 1961, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760; Reck v. Pate, 1961, 81 S.Ct. 1541. If there were no procedural bar, we think that Whitley's allegations of fact would be sufficient to require a hearing on this issue.

This brings us to a consideration of the legal issue arising from the "abortive state proceeding."

The Maryland Court of Appeals, in its opinion denying Whitley leave to appeal from the dismissal of his post-conviction petition by the state circuit court, refused to consider the coerced confession issue, stating: "The involuntary character of a confession can also be raised on appeal, but not collaterally." Whitley v. Warden, Maryland House of Correction, 1960, 222 Md. 608, 158 A.2d 905, 907. Since the time for taking a direct appeal has long since expired, and since, under the Maryland procedure, Whitley cannot obtain relief in a collateral proceeding, he has no remedy in the state courts. He had in the past a remedy, i. e., an appeal, but he failed to avail himself of it. Under these circumstances, is he entitled to relief in the federal courts by a writ of habeas corpus? Although some of the cases are not as clear as might be desired, we think that the Supreme Court has decided that federal habeas corpus will not lie under such circumstances. We are, of course, bound by its holding.

The issue in this case has often been discussed and treated under many labels.[3] At times, it has been considered a problem of exhausting state remedies under 28 U.S.C.A. § 2254.[4] Other cases have viewed the problem as one of waiver.[5] Still others have seemed to hold that where the proper state procedure was not invoked, and there is no presently available state procedure to determine the con-

3. See, e. g., the discussions in Hart, "The Supreme Court—Forward," 73 Harv.L. Rev. 84, 108–121 (1959); and Reitz, "Federal Habeas Corpus: Impact Of An Abortive State Proceeding," 74 Harv.L. Rev. 1315 (1961).

4. The majority opinion in Irvin v. Dowd, 1959, 359 U.S. 394, 404–406, 79 S.Ct. 825, 3 L.Ed.2d 900, appears to consider the issue as one concerning exhaustion of state remedies, but finds that the state court ruled on the merits of the petitioner's constitutional claim, and therefore there had been an exhaustion. The Court did not clearly say whether federal habeas corpus relief would lie if the state court had not ruled on the constitutional issue. See also the language in Brown v.

Allen, 1953, 344 U.S. 443, 487, 73 S.Ct. 397, 97 L.Ed. 469.

On the other hand, both this court and the Court of Appeals for the Seventh Circuit have indicated, in accordance with the apparent meaning of the language in 28 U.S.C.A. § 2254, that the exhaustion doctrine has reference only to presently available state remedies. See: United States, ex rel. Rooney v. Ragen, 7 Cir., 1946, 158 F.2d 346, 352; Morrison v. Smyth, 4 Cir., 1960, 273 F.2d 544.

5. Parker v. People of State of Illinois, 1948, 333 U.S. 571, 574–575, 68 S.Ct. 708, 92 L.Ed. 886; Brown v. Allen, 1953, 344 U.S. 443, 486, 73 S.Ct. 397, 97 L.Ed. 469.

However, the application of the rule that failure to timely invoke the proper

stitutional questions, federal courts should not interfere, as the state court ruling is based on "adequate state grounds." [6] Finally, it has at other times been said that by not timely asserting his claim under the appropriate state procedure, in a case where there is no later remedy, the defendant has "forfeited" the claim.[7]

 Whatever the theoretical basis, however, the Supreme Court has explicitly held that where a state prisoner, as-

---

state procedure, with loss of further opportunity to do so, is a bar to federal relief, does not always comport with traditional notions of waiver. There is a presumption against the waiver of constitutional rights, Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461; Glasser v. United States, 1942, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680; and the burden is *not* on the petitioner to allege the absence of waiver, Price v. Johnston, 1948, 334 U.S. 266, 291–292, 68 S.Ct. 1049, 92 L.Ed. 1356. Whether there is such waiver is a question of fact for the trial court, Johnson v. Zerbst, supra, 304 U.S. at pages 464–465, 58 S. Ct. 1019. If the problem of the abortive state proceeding is to be considered one of waiver, then it would seem that a petitioner need not prior to hearing allege reasons for failing to use the appropriate state remedy and that the state would have the burden of asserting and proving an intentional and knowing relinquishment of the right to invoke the particular remedy.

For a case treating the abortive state proceeding as a waiver in the conventional sense, and finding no waiver, .see United States ex rel. Goldsby v. Harpole, 5 Cir., 1957, 249 F.2d 417; 5 Cir., 1959, 263 F. 2d 71. Also, in United States v. Morgan, 1954, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248, the Court indicated that Brown v. Allen, 1953, 344 U.S. 443, 486, 73 S.Ct. 397, stood for "the rule that *deliberate* failure to use a *known* remedy at the time of trial may be a bar to subsequent reliance on the defaulted right." (Emphasis supplied.) However, in light of the facts in Brown v. Allen, supra, and in light of other Supreme Court cases, we do not think that the traditional doctrine of waiver, under which Whitley might appear entitled to a hearing, is applicable in the instant case.

6. ·See: Stenbridge v. State of Georgia, 1952, 343 U.S. 541, 547, 72 S.Ct. 834, 96 L.Ed. 1130; Dixon v. Duffy, 1952, 344 U.S. 143, 146, 148, 73 S.Ct. 193, 97 L.Ed. 153; Brown v. Allen, 1953, 344 U.S. 443, 486, 73 S.Ct. 397; Cicenia v. Lagay, 1958, 357 U.S. 504, 507–508 footnote 2, 78 S.Ct. 1297, 2 L.Ed.2d 1523; Irvin v. Dowd, 1959, 359 U.S. 394, 407–409 (dissenting opinion), 412–413 (dissenting opinion), 79 S.Ct. 825, 3 L.Ed.2d 900.

Other cases have seemed to hold that the "adequate state ground" theory bars only direct review of the state court decision by the Supreme Court and does not bar resort to a federal district court: House v. Mayo, 1945, 324 U.S. 42, 48, 65 S.Ct. 517, 89 L.Ed. 739; White v. Ragen, 1945, 324 U.S. 760, 765, 767, 65 S.Ct. 978, 89 L.Ed. 1348. However, neither House v. Mayo nor White v. Ragen supports the petitioner in the present case, for in both of these cases, the claims involved the right to adequate representation by counsel. When a man has no lawyer, *it is not reasonable to expect* him to invoke a particular state procedure at the correct time.

In Jennings v. State of Illinois, 1951, 342 U.S. 104, 108–112, 72 S.Ct. 123, 127, 96 L.Ed. 119, the Court appeared to hold that whenever the decision of the state court was based on state procedural rules and not on the constitutional issue, it was thus on "an independent state ground," precluding direct Supreme Court review of the state court's decision but permitting the petitioner to proceed in a federal district court. At the same time, the Court pointed out that a federal claim "may be forfeited by failure to make a timely assertion of the claim." The Court seemed to contemplate, as a situation where there could be no direct Supreme Court review but habeas corpus in the district court, one where the state *never* provided any remedy for the constitutional infirmity.

7. Jennings v. State of Illinois, 1951, 342 U.S. 104, 108–109, 72 S.Ct. 123, 96 L.Ed. 119; Michel v. State of Louisiana, 1955, 350 U.S. 91, 99, 76 S.Ct. 158, 100 L.Ed. 83; Yakus v. United States, 1944, 321 U.S. 414, 444–445, 64 S.Ct. 660, 667, 88 L.Ed. 834, where it was said:

"No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. * * * Courts may for that reason refuse to consider a constitutional objection even though a like objection had

serting a denial of constitutional rights in connection with his conviction, has a remedy in the state court but fails to avail himself of it, and later finds himself without a state remedy, he may not have redress through federal habeas corpus. This was the precise holding with respect to the petitioner Daniels in Brown v. Allen, 1953, 344 U.S. 443, 482–487, 73 S.Ct. 397. Other cases directly in point, except that the Supreme Court was directly reviewing the action of state courts rather than lower federal courts, are Parker v. State of Illinois, 1948, 333 U.S. 571, 68 S.Ct. 708, 92 L.Ed. 886, and Michel v. State of Louisiana, 1955, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83. Under such circumstances the petitioner has, to utilize what is probably the most appropriate legal doctrine, "forfeited" his constitutional claim.

The consequences of the rule may seem strange, for, as Mr. Justice Black succinctly put it in Brown v. Allen, supra, 344 U.S. at page 552, 73 S.Ct. at page 433 (dissenting opinion): "I find it difficult to agree with the soundness of a philosophy which prompts this Court to grant a second review where the state has granted one but to deny any review at all where the state has granted none." On the other hand, there is evidenced in the course of the Court's opinions the strong belief that state convictions should not be upset where the state itself provides a procedure to remedy deprivations of constitutional rights, but the state prisoner has failed to avail himself of such procedure.

Whatever views we may entertain as to the soundness of a rule that operates in this way, the lower federal courts are not free to change it, for the majority of the Supreme Court has thus far indicated an unwillingness to depart from it.[8]

There are, of course, certain exceptions. If a state court will consider the petitioner's federal claims in a habeas corpus or other proceeding, even though the prisoner failed to pursue some previous appropriate state remedy or even if the state court has ruled on the federal claims despite the existence of procedural grounds justifying abstention, then the federal court should consider them. Herndon v. Lowry, 1937, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066; Brown v. Allen, supra, 344 U.S. at page 486, 73 S.Ct. 397; Irvin v. Dowd, supra.

Another exception is where the alleged constitutional infirmity concerns the lack of counsel, for it is incongruous to speak of forfeiture on account of failure to invoke *pro se* a particular procedure where no later state procedure is afforded. Williams v. Kaiser, 1945, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; Brown v. Allen, supra, 344 U.S. at page 485, 73 S.Ct. 397. The same is perhaps true if the claim is that the conviction was upon perjured testimony knowingly used by state officials, for the defendant may not have discovered this until after the expiration of the time allowed to take the appropriate remedial steps. See: Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; cf. Price v. Johnston, 1948, 334 U.S. 266, 291, 68 S.Ct. 1049, 92 L.Ed. 1356.

Still other exceptions are where no real opportunity was afforded to invoke the state procedure, Reece v. State of Georgia, 1955, 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77; or where state officials have interfered with the attempt to secure relief, Dowd v. State ex rel. Cook, 1951, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215; or where the petitioner can present other strong reasons justifying his failure;[9] or finally, where there exist

previously been sustained in a case in which it was properly taken. * * * While this Court in its discretion sometimes departs from this rule in cases from lower federal courts, it invariably adheres to it in cases from state courts * * *."

8. See Justice Stewart's concurring opinion in Irvin v. Dowd, 1959, 359 U.S. 394, 407, 79 S.Ct. 825, 3 L.Ed.2d 900.

9. See, e. g., the reasons alleged for failing to appeal in Player v. Steiner, 4 Cir., 1961, 292 F.2d 1.

particular circumstances which are deemed to justify federal action.[10]

■ However, none of these recognized exceptions is present in the instant case. Therefore, the District Court's denial of Whitley's petition for a writ of habeas corpus is

Affirmed.

---

10. See, e. g., Williams v. State of Georgia, 1955, 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161. Compare Brown v. Allen, supra, 344 U.S. at pages 556–560 (dissenting opinion), 73 S.Ct. 397.