## MATTHEWS *v.* STATE

[No. 229, September Term, 1961.]

*Decided April 19, 1962.*

*Motion for rehearing filed May 18, 1962, denied June 14, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Milton Kaplan* for the appellant.

*Joseph S. Kaufman, Deputy Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *George J. Helinski, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The appellant was convicted of keeping a disorderly house and has appealed. He claims that his arrest and the ensuing search of his residence and seizure of evidence were illegal; that he was entrapped into the commission of a crime; and that, in any event, the evidence was insufficient to convict. None of the contentions has merit.

A police officer and policewoman went to the house leased by the appellant, asked for a room, and were admitted by the person in charge of the premises. The person who invited them in (also indicted as a codefendant), inquired as to "how long" they would stay, told them to pay on leaving and as-

signed them to the front room on the second floor. In the search of the premises that took place after the police officer and policewoman had been joined by a police sergeant, they encountered three unmarried couples using other bedrooms, discovered a large quantity of soiled sheets in a bathroom, and seized a blue notebook found on the television in the downstairs room. The person in charge explained to the police that the notebook was used to indicate the rooms that were occupied and the time occupancy began, for instance, "2B 12 AM" meant "second floor back at 12 A.M." The appellant, who was asleep when the police arrived, was awakened and when he admitted that the premises were under his control, he was placed under arrest.

The arrest and the ensuing search and seizure were not unlawful. As to the arrest, it is clear that the admission of the peace officers into the house and the assignment of a room to them, without inquiry as to their marital status and without their being asked to register, was sufficient probable cause for the officers to believe that the misdemeanor of keeping a disorderly house was being committed in their presence and to justify the arrest of the appellant without a warrant. For a statement and discussion of the rule see *Price v. State*, 227 Md. 28, 35; Kauffman, *The Law of Arrest in Maryland*, 5 Md. L. Rev. 125. As an incident of the lawful arrest, the officers had authority to search the premises within the use and under the control of the appellant, and seize tangible evidence of the crime. *Griffin v. State*, 200 Md. 569. Under the circumstances, the search of the premises does not appear to have exceeded the authority the officers had to make it. Cf. *Lucich v. State*, 194 Md. 511.

Nor was the appellant entrapped by the police. Even if he (through his agent) was induced to violate the law, it is clear that in this State it is not unlawful in and of itself for an officer of the law to lay a trap or unite with others to detect an offender. See *Baxter v. State*, 223 Md. 495, and the cases therein cited.

Finally, the evidence was clearly sufficient to convict the appellant of the offense charged. He did not deny control of the premises, and, on cross examination, admitted that he had left

404

the codefendant "to watch over the place," though he did state that he was not supposed to rent rooms. But the notations in the "time" book clearly indicated that the letting of the room in this instance was not a casual or isolated transaction. This was enough, if believed, to justify the conviction. The weight of the evidence and the credibility of the witnesses were, of course, matters for the trier of the facts to consider. See *Mason v. State,* 225 Md. 74.

*Judgment affirmed.*