Jerome **MASON**

v.

**WARDEN MARYLAND PENI-TENTIARY.**

**Civ. A. No. 13566.**

United States District Court
D. Maryland.

Sept. 7, 1962.

No counsel appearing—Not heard in court.

CHESNUT, District Judge.

This is a second repetitive petition for habeas corpus by a Maryland State prisoner. The first petition was dismissed by Chief Judge Thomsen on January 25, 1962 on the ground that the petitioner had not exhausted his remedies under Maryland law by his failure to apply for appeal from an adverse decision against him on a post conviction hearing before Judge Cardin, Associate Judge of the Supreme Bench of Baltimore City. This post conviction hearing was dismissed by Judge Cardin on December 15, 1961. After Judge Thomsen's dismissal of his petition for habeas corpus in this court on January 25, 1962, Mason did apply to the Maryland Court of Appeals for leave to appeal from Judge Cardin's dismissal of December 15, 1961. This belated appeal was dismissed per curiam by the Maryland Court of Appeals on July 10, 1962 on the ground that it had not been filed within the time provided, that is within thirty days after the dismissal by Judge Cardin.

Mason was tried in the Criminal Court of Baltimore before Judge Carter on two indictments by the Grand Jury alleging the offenses of assault with intent to murder and simple assault. He was represented by counsel appointed by the court, Mr. J. R. Wilkins. At his election, as he had the right to make under the Maryland law, Mason was tried by Judge Carter without a jury. He was found guilty of both charges and, there apparently having been no motion for a new trial, was sentenced to imprisonment for ten years on the charge of assault with intent to murder, and two years on the charge of simple assault (upon different individuals) the latter sentence to run concurrently with the former. Mason, by counsel Mr. Donald P. Roman, took a direct appeal to the Maryland Court of Appeals. 225 Md. 74, 169 A.2d 445. The substantial point made on the appeal was the insufficiency of the evidence to warrant a conviction. This was fully considered and decided on the merits as appearing from the record in the case, by the Court of Appeals, and the judgment was affirmed. Mason did not seek certiorari from the Supreme Court of the United States; nor did he ask for certiorari from the adverse decision of the Maryland Court of Appeals dismissing his untimely appeal from the dismissal of his post conviction hearing by Judge Cardin.

Upon his post conviction hearing before Judge Cardin, Mason was represented by Mr. Rubin Gertz, appointed by Judge Cardin. Judge Cardin's opinion will be found in the Clerk's file in this case.

I have carefully considered the whole of Mason's second petition for habeas corpus filed here. A comparison of the grounds that he now asserts with those advanced for him by his counsel at the hearing before Judge Cardin show a substantial if not identical similarity one with the other.

While the petitioner alleged federal constitutional violation of Articles 4, 5, 6 and 14 of the Federal Constitution, these charges are merely bald conclusory allegations not substantiated or made specific by any verified facts as required by 28 U.S.C.A. § 2242.

After reading the petition, I entered a show cause order to the respondent which has been answered by Mr. Sweeney, Assistant Attorney General of Maryland,

and the answer has been considered. The question presented is whether on the petition considered as a whole, there is sufficient warrant legally for holding a hearing of the petitioner in this court on his petition for habeas corpus. I conclude there is not. The reasons for this conclusion follow.

As heretofore noted, the petitioner did take a direct appeal to the Maryland Court of Appeals from his sentence by Judge Carter. The judgment was affirmed after full consideration of the facts in the case, a transcript of which apparently was before the court, and the court decided adversely to the appellant, represented by counsel, on the merits of the case, and on the only point submitted for consideration by the court in accordance with Maryland well established procedure. In 1958 the Maryland Legislature enacted for the first time what is called the Post Conviction Procedure Act, Md.Code of 1957 (1961 Supp.) Art. 27, § 645A et seq. The petitioner, also represented by counsel appointed by the court, filed a petition for hearing under that statute on which all the grounds for relief asserted by him were carefully considered and passed upon adversely as to their legal sufficiency by Judge Cardin. From this adverse ruling the petitioner did not seek an appeal, as he had the right to do under the statute, during the time allowed therefor by the Maryland rules of procedure. He did not seek certiorari from the Supreme Court as to the dismissal of his attempted appeal from Judge Cardin and did not seek to obtain review on certiorari from the adverse decision of the Maryland Court of Appeals on his direct appeal. The petitioner states no excuse whatever for his failure to timely appeal from Judge Cardin's dismissal.

■■ On these facts it appears that the petitioner in this case has not exhausted his remedies provided by the Maryland law which is a prerequisite to a petition for habeas corpus in this court. 28 U.S.C.A. § 2254. An untimely attempt to appeal is legally equivalent to failure to appeal. Daniels v. Allen, Case

No. 20 reported under the title of Brown v. Allen, 344 U.S. 443, 73 S.Ct. 437, 97 L.Ed. 469, and Whitley v. Steiner, 293 F.2d 895 (4th Cir.).

■ Not only has the petitioner failed to exhaust his State remedies but in addition thereto I think he has not affirmatively in his petition stated facts which would fairly call upon the State to further answer his petition and to require the holding of a hearing of the petitioner in person in this court. The function of habeas corpus is not to re-try the case against the petitioner on its merits. That was the duty of the State court in the first place. To re-try the case effectively on all the points now raised by the petitioner would seem probably to require the reproduction of many, if not all, of the witnesses and trial counsel who appeared in the State courts, and possibly other further lengthy examination and cross-examination. To the petitioner this doubtless seems of little consequence but in view of the large and recently increasing number of such petitions by Maryland State prisoners filed in this court, it becomes a matter of some real significance not only to the State authorities but to the other current dockets of the court itself.

On the petitioner's post conviction hearing he advanced nine separate points for the consideration of the hearing Judge. He now advances in his petition here, expressly or impliedly, substantially the same points as the nine presented to Judge Cardin. As the Maryland Court of Appeals had before it the whole of the defendant's trial transcript, it would seem that any and all of the nine points later presented to Judge Cardin could have been raised by proper assignments of error or contentions advanced in the brief of counsel for the appellant on his direct appeal which was affirmed by the Maryland Court of Appeals, 225 Md. 74, 169 A.2d 445. Apparently none of them were raised on the appeal with the exception of the contention that the evidence was not sufficient to warrant conviction. As they were not then advanced, as they could have been, they must be

considered to have been waived or forfeited. And when they were presented on the post conviction hearing to Judge Cardin, they were severally held inadequate as having been waived, or intrinsically not substantiated by anything appearing to Judge Cardin. But, as we have seen, while there was an opportunity given by the Maryland Post Conviction Statute to appeal that decision, the petitioner failed to make a timely appeal (the decision having been on December 15, 1961 while the appeal was first noted on February 1, 1962). No excuse or explanation for the failure to take a timely appeal is now asserted in the petition here.

■■■ Under these circumstances I find that with one or two possible exceptions hereafter to be noted, the law in this Circuit is clear to the effect that claims now made must be considered to have been waived or forfeited. A petition for habeas corpus in this court by a Maryland State prisoner is a *collateral* proceeding only (for instance, see recent case in the Supreme Court of Hill v. United States, opinion by Mr. Justice Stewart, 368 U.S. 424, 82 S.Ct. 468, 7

L.Ed.2d 417, January 22, 1962). The applicable law in such a situation was fully stated in the unanimous opinion (Judges Parker, Soper, Dobie) of the 4th Circuit by Chief Judge Parker in 1943 in the case of Sanderlin v. Smyth, 4 Cir., 138 F.2d 729. In short effect it is that complaints in habeas corpus petitions which could have been raised on a direct appeal but were not so raised, are considered to have been waived or forfeited, *in the absence of unusual and exceptional circumstances* which, considered as a whole, require federal court intervention in order to secure the State prisoner a substantially fair trial of his case in the State court. And this view was again announced by Chief Judge Parker, speaking for a majority of the court, in 1951 in the case of Daniels v. Allen, 4 Cir., 192 F.2d 763, although Judge Soper in that case dissented on the ground that he had found in the record exceptional circumstances which required re-consideration by the federal court. Nevertheless the conclusion of the majority in the 4th Circuit was affirmed in the majority opinion of the Supreme Court in Case No. 20 in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.[1]

1. It is unnecessary to say that the text of the opinion in Brown v. Allen should be read slowly. The case presented was unusually complex. It involved certiorari to the 4th Circuit which had affirmed the District Judge (the late Judge Don Gilliam of North Carolina) in three separate habeas corpus cases. The case in the Supreme Court had been argued twice by reason of then still existing differences of opinion of several of the Justices.

The case arose in this way. Three separate capital or other serious crimes had been committed by three different defendants indicted by the Grand Jury, and were tried and convicted in the North Carolina courts in which final opinion on the merits had been rendered in two of the cases and one principally on procedural grounds in the other. In each of the cases habeas corpus petitions had been filed in the United States District Court for the Eastern District of North Carolina before Judge Gilliam and in each of the three the District Judge had finally dismissed the respective petitions.

On appeal to the 4th Circuit the dismissal of the cases by the District Judge was affirmed in two unanimously but in one case (the Daniels case) Judge Soper dissented. The opinions in the three cases in the 4th Circuit are respectively No. 32, 192 F.2d 477; No. 22, 192 F.2d 477 and No. 20, the Daniels case, 192 F.2d 763, the opinion in the latter being by Chief Judge Parker. On certiorari to the Supreme Court a majority of the Justices joined in the affirmance of the judgments of the 4th Circuit in all three cases. But the writer of the opinion, Mr. Justice Reed, was himself in the minority on the issue as to the weight to be given to the effect of dismissal of certiorari by the Supreme Court when without opinion or material comment.

While the headnotes of the opinion in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, should also be carefully read as a whole, the more important features of the opinion for currently recurring habeas corpus cases in the federal court are, I think, the following.

However, I note particularly that quite recently the precise matter here involved was given careful further consideration by the 4th Circuit in the opinion of Chief Judge Soboloff in Whitley v. Steiner, 293 F.2d 895, on appeal from this court. Therefore I now come at once to the more particular consideration of that case. Upon again re-reading the opinion I do not think it substantially changes the law as announced in the earlier opinion of the Court in the Sanderlin case, supra; but it does point out that there are some possible exceptions to the generality of the rule of waiver or forfeiture, by failure to properly appeal. I note that in the Whitley opinion special consideration was given by Chief Judge Soboloff to the decision of the Supreme Court in Daniels v. Allen, supra, on certiorari from the 4th Circuit, and that the Supreme Court affirmed the conclusion of the majority of the 4th Circuit in the Daniels case. And I have noted particularly also that Judge Soboloff calls attention to a sentence in the dissenting opinion of Mr. Justice Black which possibly seems to indicate accord on his part with the dissenting minority view of Judge Soper in the Daniels case. But nevertheless, it is to be noted that the Whitley case does finally accord with the view of the Supreme Court in Daniels v. Allen. I note also that some background was presented for the study by the writer of the opinions in two interesting articles in the Harvard Law Review upon the subject—

The Supreme Court Forward, 73 Harv.L. Rev. 84 (1959) and Federal Habeas Corpus Impact of an Abortive State Proceeding, 74 Harv.L.Rev. 1315 (1961). I have also personally studied these articles.

Among the implied exceptions to the general rule of forfeiture listed in the Whitley opinion, the two that are of possible further interest in this particular case are (1) alleged perjured testimony before Judge Carter at the petitioner's original trial, and (2) alleged incompetence of counsel representing him. I do not find the petition here sufficiently states any facts with regard to either of these points which would warrant a hearing of the petitioner himself in court here.

As to the charge of perjury, all the petitioner now states is that there was perjury by prosecuting witnesses and that the State's Attorney by diligent inquiry could have discovered that as a fact. But there is even no definite assertion that the perjury was knowingly adopted or used in the prosecution. Nor is there any verified statement of facts, although liberally construed as to meaning by an illiterate and indigent state prisoner, that could reasonably be thought to include wilful collusion by the prosecuting authorities. In the Whitley case itself in the opinion of Chief Judge Soboloff, 293 F.2d at page 896, it was said as to a similar point: "As to the

1. As to when the petitioner has sufficiently exhausted his state remedies as required by 28 U.S.C.A. § 2254, it was held that when, in the course of the state proceeding, the court of last resort of the State had made a final determination of the case and certiorari had been refused without opinion by the Supreme Court, the petitioner had sufficiently complied with the requirements of § 2254 without further resort to other repetitive state court proceedings.

2. As to the weight to be given to a denial of certiorari without opinion, it was held that the district judge in considering the habeas corpus petition should not give it weight in his decision on the petition.

3. But nevertheless the District Judge could give such weight to the final opinion of the highest court of the State as should be accorded to a court of coordinate jurisdiction on federal law although the doctrine of res adjudicata was not applicable to the case, and could properly dismiss the writ where he was of the opinion that the case had been correctly decided by the State Court and without the necessity of hearing new evidence on the issue involved.

4. For recurring Maryland cases as to the exhaustion of State remedies, it should be noted that since the opinion in Brown v. Allen in 1951, Maryland, in 1958, for the first time adopted the Post Conviction Procedure Act, Md.Code 1957 (1961 Supp.) Art. 27, § 645A et seq.

perjured testimony issue the petitioner merely makes a bald assertion that perjured testimony was used, without reciting any facts whatsoever. There are no allegations concerning the nature of the testimony, what witness perjured himself, whether there was state complicity, or any other circumstances. In view of the complete lack of essential allegations, there was no error in denying a hearing on this issue." See also the somewhat similar comments by Judge Cardin on this point when presented to him by petitioner's counsel.

■ Another implied exception to the general rule of waiver or forfeiture listed in the Whitley opinion is the charge of lack of counsel. In this Mason case the petitioner does not allege lack of counsel at his trial but does allege "inadequacy of counsel". This again is a wholly conclusory charge not based on any stated facts from which by the most liberal construction it could reasonably be inferred that there was absence of counsel. The petition here presented shows that the petitioner did have counsel appointed by the court at his trial before Judge Carter, and again he had counsel who represented him and argued his case to the Court of Appeals of Maryland on direct appeal; and later he had counsel appointed by the court for the post conviction hearing before Judge Cardin. There is no allegation of fact as to which, if either or all, of these three Baltimore lawyers were incompetent or in what respect, if any, they were in any wise incompetent for the duties they performed. Unless and until the petitioner can make a verified statement of facts tending to show such inadequacy, his charge is an idle one which does not warrant a further hearing in this court. And there seems to have been no complaint whatever at any stage of the proceedings by the petitioner to either Judge Carter or Judge Cardin or to the Maryland Court of Appeals with respect to the inadequacy of counsel. The petition does contain a statement to the effect that the petitioner did not have counsel to advise him at

his original arraignment before Judge Carter. He cites an Alabama case (Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114) to the effect that it is necessary in Alabama to have counsel at that stage of the criminal proceedings. However, in this case certainly no prejudice is indicated to the petitioner because at his arraignment before Judge Carter he pleaded not guilty. Furthermore, and possibly more significantly, the function and scope of the arraignment proceeding differs materially in Maryland from what seems to have been the effect of the Alabama procedural law on the point. This very point has been pointed out in an opinion in another case by the Maryland Court of Appeals, see White v. State, 227 Md. 615, 177 A.2d 877. The alleged inadequacy of counsel was one of the nine points submitted to Judge Cardin on the post conviction hearing. He dismissed it on the ground that there was no sufficient averment of facts to show inadequacy, and the absence of any showing of lack of opportunity to make complaint to the Maryland Courts. Phillips v. Warden, 224 Md. 671, 168 A.2d 516; Niblett v. Warden, 221 Md. 588, 155 A.2d 659.

These two complaints by a Maryland State prisoner, to wit, perjury in the prosecution and inadequacy of counsel, are so frequently alleged in petitions by Maryland State prisoners filed in this court in recent years that they have become almost standarized stock phrases to be included in all such petitions. It is therefore particularly important to insist on the requirement that petitions in this respect are insufficient unless they state verified facts as required by 28 U.S.C.A. § 2242.

■ I have also carefully considered certain other more generally stated exceptions to the waiver or forfeiture rule as listed in Whitley v. Steiner, supra; but I do not consider it necessary to comment on them at length separately in this opinion because from what has already been said, I think it will clearly appear that none of the others than those spe-

cifically mentioned have any basis for any particular consideration in this case. As to them, I think it is sufficient to say that there is nothing alleged to indicate any interference by State officers with the exercise of his rights of defense or appeal, or anything to have prevented him from asserting all his complaints in a proper and timely way before state tribunals. His complaints about matters preceding his indictment and original trial were not inherent in the fairness of his trial before Judge Carter and, to the extent that they were grounds of defense, could and should have been then asserted at his trial. Questions of admissibility of evidence which were then offered have, of course been duly considered and acted on by the trial Judge, and if there was error in this respect in any material matter, could have been asserted on appeal, but apparently were not. Similarly, if there were any questions as to evidence as the result of an illegal arrest, that is a point that could have been covered in the trial and could have been made the basis of an appropriate assignment of error or complaint. In Maryland procedure it is also important to note that when the Grand Jury finds an indictment it largely supersedes prior and preliminary decisions before trial magistrates. And if an indictment is improperly obtained, that should be made the basis of a preliminary motion to suppress or quash the indictment. Particularly, I do not find in the case anything to the effect indicated in the general implied exception stated in the Whitley case with regard to the existence of a situation which despite the general rule of waiver or forfeiture requires federal intervention and re-consideration of the case as a whole in order to be sure that the petitioner has had a substantially fair trial in the State tribunals.

For all these reasons I conclude that the present repetitive petition for habeas corpus should be and it is hereby *denied and dismissed* this 7th day of September 1962. The Clerk is instructed to send a copy of this order to the petitioner, and to the Attorney General of Maryland. If the petitioner desires to appeal from this order, he should note that such an appeal must be made by his notice directly to the Clerk of this Court within thirty days from the date hereof.