McKENZIE *v.* STATE

[No. 143, September Term, 1962.]

*Decided February 4, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *Dene L. Lusby, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

On this appeal from a conviction on a charge of assault in a case tried before the court sitting without a jury, we see no basis upon which we could hold that the findings of fact of the trial judge were clearly erroneous. The only question before us is the sufficiency of the evidence to support the finding of guilt.[1]

---

1. The appellant's motion for a directed verdict made at the conclusion of the State's case, which was granted as to another count

The victim of the assault testified that he had talked with the appellant just before the attack and that as he turned away from the appellant, the latter grabbed him from behind around the neck and held him while two others, who had just crossed the street, attacked him from in front. A police officer testified that when he and another officer arrived on the scene he saw three men struggling with the prosecuting witness, one of whom had his arm around the latter's neck. The three assailants ran and the officers gave chase. The appellant was arrested in the immediate vicinity of the attack. The only evidence to the contrary was the appellant's own testimony. Even he admitted having talked with the prosecuting witness, but he denied having assaulted him, and asserted that he was walking, not running, when arrested. His principal contention on the facts is that during the attack the prosecuting witness did not actually see the assailant who was then behind him. We think it clear, however, that the evidence for the State, above set out, if believed, was sufficient to warrant the trial court in concluding that this assailant was the appellant; and the trial judge did believe the State's testimony and reached the conclusion just stated. The matter of credibility is peculiarly one for determination by the trial court. See Md. Rule 886 a; *Dyson v. State,* 226 Md. 18, 20-21, 171 A. 2d 505; *Mason v. State,* 225 Md. 74, 75-76, 169 A. 2d 445.

*Judgment affirmed.*

---

but denied as to the assault count, was withdrawn when he offered testimony in his own behalf. Md. Rule 755 b; *Forrester v. State,* 224 Md. 337, 344, 167 A. 2d 878 (applying the similar, former Md. Rule 741 b). The denial of the motion, strenuously asserted as error in the appellant's brief, is not properly before us. *Kellum v. State,* 223 Md. 80, 84, 162 A. 2d 473. The sufficiency of the evidence as a whole is reviewable under Md. Rule 886 a, even though the motion was not renewed. *Forrester v. State, supra.*