## GRACZYK *v.* STATE

[No. 160, September Term, 1963.]

246

[black redaction bars]

*Decided January 7, 1964.*

*Motion for rehearing filed in proper person February 6, 1964, denied February 10, 1964.*

[black redaction bars]

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

*Morris Lee Kaplan,* with whom were *Michael Lee Kaplan* and *Nathan Stern* on the brief, for the appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City, Charles E. Moylan, Jr., Deputy State's Attorney,* and *Robert V. Lazzaro, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The appellant contends that the lower court, which tried the case sitting without a jury, erred in refusing to grant his motions for judgment of acquittal, claiming that the evidence was insufficient to sustain a verdict of guilty.

This Court has repeatedly stated that our function in reviewing the sufficiency of the evidence on an appeal from a conviction in a non-jury criminal case is not whether we might have reached a different result from that of the trial court, but whether the court below had sufficient evidence from which it could be fairly convinced beyond a reasonable doubt of the defendant's guilt of the offense charged. The verdict will not be set aside on the evidence unless clearly erroneous, and due regard must be given to the opportunity of the trial court to judge

the credibility of the witnesses. If the record shows any evidence, or proper inferences from the evidence upon which the trial court could properly have found the appellant guilty, then its decision was not clearly erroneous. *Mason v. State,* 225 Md. 74, 169 A. 2d 445; *Tasco v. State,* 223 Md. 503, 165 A. 2d 456.

The uncontradicted evidence adduced at the trial shows that a tavern in Baltimore City was broken into on November 14, 1961 between 1:00 a.m. and 2:00 a.m. and that various articles valued in excess of $5 were missing. It also shows that the appellant was arrested before dawn on that day and that he had in his possession the articles missing from the tavern. By both confession and oral testimony in court the appellant admitted he broke into the tavern and stole the articles. Clearly this was sufficient evidence to sustain the conviction.

It was argued by the appellant, however, that the State failed to prove he broke into a storeroom with intent to steal money, goods or chattels valued at $100 or more. His argument was misplaced, for the appellant was charged and found guilty *not* under Code (1957), Article 27, Section 32 (as amended by Chapter 40 of the Acts of 1960), but under Section 33 of the same Article (as amended by Chapter 68 of the Acts of 1960). A distinction between Sections 33 and 32 is that Section 33 requires both a breaking and a larceny (of goods valued at $5 or more), while Section 32 requires a breaking with the *intent* to steal goods of another of the value of $100 or more. Further, Section 32 does not require the actual stealing of the goods and Section 33 does not require the intent to steal goods of the value of $100 or more.

There was no error in the action of the trial court in its refusal to grant appellant's motions of acquittal or in its finding the appellant guilty of violating Section 33.

*Judgment affirmed.*