POINTER *v.* STATE

[No. 289, September Term, 1964.]

*Decided April 29, 1965.*

Submitted to Prescott, C. J., and Hammond, Horney, Marbury and Sybert, JJ.

Submitted on brief by *Edward J. Birrane, Jr.* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Carville M. Downes, Assistant Attorney General, Charles E. Moylan, Jr.* and *Robert F. Freeze, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City* on the brief, for appellee.

Per Curiam.

The appellant, who tried to pawn a new suit of clothes that did not fit him, which was identified as one of those stolen the night before from a tailor shop, and, when asked, gave two explanations before his arrest and a third after he was taken to the police station as to his possession of the suit, contends on appeal that the evidence was legally insufficient to convict him of breaking into a shop and stealing goods to the value of $5 and upwards in violation of Code (1964 Cum. Supp.), Art. 27, § 33.

First he said that the suit belonged to him; then he stated that it belonged to his uncle; finally, he explained that it belonged to an acquaintance who was too young to pawn it himself. The lower court, as the trier of fact, rejected the credibility of any of the stories told by the appellant and, finding that he had

not met the burden cast upon him of giving a reasonable explanation of his possession of the suit, *Oden v. State,* 223 Md. 244, entered a verdict of guilty as charged. Since it is apparent that the lower court was not wrong, the judgment will not be set aside. *Graczyk v. State,* 233 Md. 245; *Calloway v. State,* 238 Md. 612.

*Judgment affirmed.*