William L. BRADLEY  # 153–058,
Petitioner,

v.

Paul DAVIS, Warden, Md. House of Corr. and State of Maryland, Respondents.

Civ. A. No. J–81–1329.

United States District Court, D. Maryland.

Nov. 22, 1982.

William L. Bradley, in pro per.

Richard B. Rosenblatt, Asst. Atty. Gen., Baltimore, Md., for respondents.

## MEMORANDUM

SHIRLEY B. JONES, District Judge.

Petitioner petitions this Court for a writ of habeas corpus. On January 22, 1980, petitioner was convicted in the Circuit Court for Prince George's County, Maryland of assault with intent to murder, assault with intent to maim, assault and battery, and use of a handgun. He was sentenced on March 3, 1980 to five years incarceration for assault with intent to murder and a concurrent five year sentence for the handgun charge. No direct appeal was filed.

On January 29, 1981, petitioner filed in the Circuit Court for Prince George's County a petition for post-conviction relief, pursuant to Maryland Code Ann. Art. 27 § 645A. A hearing on that petition was scheduled for July 10, 1981. On July 28, 1981 this Court denied petitioner's petition for writ of habeas corpus without prejudice on the ground that he had failed to exhaust his state remedies. Petitioner was advised that if the Circuit Court for Prince George's County denied relief in the case then pending in that Court, he must apply to the Maryland Court of Special Appeals for leave to prosecute an appeal from the denial of his petition for post-conviction relief, and was advised further that if the Court of Special Appeals denied his petition after briefs and argument, petitioner must petition the Maryland Court of Appeals for a writ of certiorari. In a letter to the Court dated December 18, 1981, petitioner represented that he had exhausted his state remedies. This Court reopened petitioner's case on March 24, 1982 and ordered respondent to show cause by April 30, 1982, why the writ of habeas corpus should not be granted. Respondent submitted as an exhibit to his answer to the petition for writ of habeas corpus a copy of the docket sheet for petitioner's petition for post-conviction relief in the Circuit Court for Prince George's County. That docket sheet contained no entry indicating that petitioner had appealed to the Maryland Court of Special Appeals from the denial of his request for post-conviction relief. Accordingly, petitioner was instructed to file with the Court an affidavit stating the reason or reasons for his failure to apply for leave to appeal the denial of his petition for post-conviction relief by the Circuit Court. Petitioner filed such an affidavit on September 21, 1982. In it, petitioner claimed that he was hospitalized during the period for filing an appeal but stated that he does not seek to use that as an excuse.[1] The grounds on which he relies are that as a layman, he was unfamiliar with the procedures he was re-

---

1. If petitioner, despite his denial, is seeking to rely upon his alleged medical condition as an excuse for his failure to petition for leave to appeal the denial of his petition for relief by the Circuit Court, the Court finds that contention to be without merit. Petitioner's affidavit states no facts from which this Court could conclude that petitioner was medically incapable of appealing that denial of relief. In that regard, the Court notes that during the period in which to appeal the denial of his petition by the Circuit Court, petitioner mailed two letters to this Court, one complete with citations to various constitutional and statutory provisions (*see* Papers No. 12 and 13).

quired to follow and had neither access to a law library nor funds for an attorney.[2]

### Exhaustion

■ It is clear that in order to obtain federal habeas corpus relief, a petitioner must exhaust his available state remedies. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Judge Chesnut of this Court held, on similar facts, that a failure to appeal from a denial of relief in a state post-conviction proceeding constitutes a failure to exhaust state remedies. *See Mason v. Warden, Maryland Penitentiary,* 208 F.Supp. 777, 779 (D.Md.1962). However, subsequent decisions by the Fourth Circuit and other courts have made it clear that the doctrine of exhaustion does not require a petitioner to seek further recourse to state courts, if at the time of filing the federal habeas corpus petition, it appears that petitioner has no remaining available state remedies. *See, e.g., Ferguson v. Cox,* 464 F.2d 461 (4th Cir.1972). The time in which to appeal the dismissal of his state post-conviction petition has passed, and he would not have a valid basis for relief in a second post-conviction petition raising the same contentions since no leave to appeal was sought from a dismissal of the first petition. *See* Md.Ann.Code art. 27 § 645A; *Mumford v. Director, Patuxent Inst.,* 237 Md. 637, 206 A.2d 707 (1965). In light of the fact that no avenue of relief in the state court system remains open to petitioner, the Court cannot say that he has failed to exhaust his state remedies.

### Procedural Default

■ Once a Court finds that a prisoner has exhausted available state remedies, it must inquire whether petitioner's procedural default which bars further state court review of his conviction should also bar federal habeas corpus relief. In resolving this issue, the Court's inquiry should begin with *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). In *Fay,* the Supreme Court held that a state procedural bar arising from a failure to appeal would not prevent federal habeas corpus review unless a "deliberate bypass" of state remedies had occurred. 327 U.S. at 438, 83 S.Ct. at 848. Language in *Fay* went beyond that holding and appeared to adopt the deliberate bypass standard as the test for the sufficiency of any state procedural bars to federal habeas corpus review. Subsequent decisions in *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), and *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) narrowed the reach of *Fay.* In *Wainwright,* the petitioner's failure to make a contemporaneous objection to the introduction of inculpatory statements at trial barred him from challenging their admissibility in a state habeas corpus petition. The Court held that that independent and adequate state procedural ground which prevented further review in state court also barred federal habeas corpus relief absent a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation.

Where the final line between *Wainwright* and *Fay* will be drawn is as yet unclear. While the Fourth Circuit has stated that "the rule of *Fay,* that an independent State ground will not bar review unless deliberate bypass is found, has been changed by *Wainwright* to the rule that it will bar review

---

**2.** Interspersed throughout the pleadings in this case are requests for appointment of counsel, for an issuance of writ of mandamus to the state court for all relevant records and transcripts, and a motion for default judgment against respondent for his failure to timely comply with the order to show cause issued by this Court. In light of this Court's disposition of this case without an evidentiary hearing, and since this Court is aware of no other special circumstances warranting an appointment of counsel, petitioner's requests that counsel be appointed will be denied. The Court has considered the other aforementioned motions and requests · filed by petitioner, and determines that they are without merit. Finally, petitioner requested that this Court issue a writ of mandamus to Judge Mason of the Circuit Court for Prince George's County to render a decision in his petition for post-conviction relief before that Court. That motion was rendered moot by the memorandum opinion subsequently issued by that Court; thus petitioner's motion will be denied.

unless cause and prejudice is found," it has also recognized that *Fay* has retained some vitality as it expressly declined in the same case to "engage in any difficult line drawing between *Fay* and *Wainwright.*" *See Cole v. Stevenson,* 620 F.2d 1055 (4th Cir. 1980). Other jurisdictions have suggested that the deliberate bypass standard of *Fay* should be applied in cases where the procedural default is by the defendant's own decision as opposed to tactical decisions that are normally left to the judgment of petitioner's counsel. *See Ennis v. LeFevre,* 560 F.2d 1072, 1075 (2d Cir.1977); *Rinehart v. Brewer,* 561 F.2d 126, 130 n. 6 (8th Cir. 1977). Although petitioner was represented at his post-conviction hearing by counsel, it appears from his affidavit that the decision to return to federal court rather than appeal the denial of post-conviction relief was made by petitioner, not his attorney. Therefore, this Court will assume, *arguendo,* that the deliberate bypass standard is applicable to the facts of this case.

■ The Court concludes that petitioner deliberately bypassed state avenues for obtaining habeas corpus relief. Although petitioner claims to have been ignorant of the requirement that he appeal the denial of his petition for post-conviction relief to the Maryland Court of Special Appeals, and was deprived of the assistance of counsel or access to a law library, this Court explicitly advised him of the steps he should take in the event the Circuit Court denied him relief. Despite the fact that the Court made reference to the instructions it had previously given petitioner in the Court's letter ordering him to explain his failure to apply for leave to prosecute an appeal, petitioner made no specific mention in his affidavit of those instructions, either to claim that he did not understand them or that he had attempted to comply with them. The Court notes that petitioner testified at his post-conviction hearing that he has a bachelor's degree in computer science, and has completed eighteen hours toward a master's degree. (Paper No. 17, Ex. 4, at p. 33). In addition, petitioner has cited relevant statutory provisions and case law in numerous pleadings filed in this action and in other cases before this Court, which indicates that petitioner has acquired some familiarity with legal research and procedures. In light of those facts, the Court concludes that petitioner's failure to apply for leave to prosecute an appeal from the denial of his state court petition constituted a deliberate bypass of state procedures, and will deny his petition for a writ of habeas corpus.